UNITED STATES of America, Plaintiff,

v.

Berton Hudson STEVENS, Defendant.

No. 1:96–M–77.

United States District Court, W.D. Michigan, Southern Division.

Oct. 7, 1996.

---

John Bruha, Assistant U.S. Attorney, W.D. of Michigan, Grand Rapids, MI, for the government.

Michael F. Walsh, Lansing, MI, for defendant.

### MEMORANDUM ORDER

BRENNEMAN, United States Magistrate Judge.

On October 2, 1996, defendant appeared for a preliminary examination following his arrest in this district on a complaint and warrant issued by the Superior Court of the District of Columbia. For the reasons discussed below, the defendant is discharged and the complaint dismissed.

1. This was contrary to the information supplied to the local U.S. Marshal by the National Crime Information Center (NCIC), which clearly indicated that the District of Columbia would extradite on this charge.

*Statement of Proceedings*

The complaint in this action charges defendant with larceny of personal property of a value of $250 or more in the District of Columbia, in violation of sections 3811 and 3812 of the District of Columbia Code. Pursuant to the complaint, a felony arrest warrant was issued to the U.S. Marshal, which could be served anywhere in the United States. The complaint and warrant have been outstanding since January 4, 1996.

Defendant lives and works in Ingham County, Michigan, within this district. On September 8, 1996, defendant was arrested in Ingham County by local police on a domestic disturbance charge. He was held in custody on that charge until September 17, 1996, when the county prosecutor declined to pursue the matter. He remained in custody until the following day, when U.S. Marshals brought him to Grand Rapids for an initial appearance on the District of Columbia complaint and warrant. At the initial appearance, defendant demanded a preliminary examination, requested the appointment of counsel, and was released on bond. Defendant appeared with his court-appointed counsel for the preliminary examination on October 2, 1996. The U.S. Attorney announced at that time that the government did not wish to proceed with the preliminary examination and wanted defendant released from any fugitive status because the District of Columbia authorities did not want to extradite defendant to Washington, D.C.[1] The government did, however, wish to leave the complaint and warrant outstanding.

*Discussion*

The District of Columbia Superior Court is a federal court. Pursuant to Act of Congress, July 29, 1970, Pub.L. 91–358, Sec. 210(a), Title II 84 Stat. 708 [23 District of Columbia § 563(a) ], a felony warrant issued by that court may be served anywhere in the United States. A fugitive arrested outside of

Parenthetically, it also appears that a warrant of removal, rather than extradition, would be sufficient in this case since only federal courts are involved. See *Hagans v. United States*, App. D.C., 408 A.2d 965 (1979).

the District of Columbia may be taken before a U.S. Magistrate Judge, 18 U.S.C. § 3041, and is to be "held to answer in the Superior Court pursuant to the Federal Rules of Criminal Procedure as if the warrant had been issued by the United States District Court for the District of Columbia." 23 District of Columbia Code § 563(c).

The Federal Rules of Criminal Procedure (FRCrP), in turn, provide that a defendant brought in on a felony complaint from another district is entitled to a preliminary examination in this district, and if no probable cause is found to believe that the defendant committed the offense charged, the magistrate judge *shall* dismiss the complaint and discharge the defendant. Rules 40(a), 5 and 5.1, FRCrP. Since the government declined to go forward with the preliminary examination in this instance, the mandated result is obvious.

The government has asked that it be allowed, however, not withstanding its willingness to release the defendant at this time, to keep the complaint and warrant (which are contained in a single document) outstanding. This is presumably so that it could later arrest defendant at a more convenient time and place.

I find nothing in the federal rules discussed above to suggest that this court has the discretion to grant such a request. If this court did have such discretion, I believe it would be inappropriate to grant the government's request in this instance. To leave the complaint and warrant outstanding simply leaves the defendant in jeopardy of again losing his liberty sometime in the future with quite probably the same result. Anything as simple as a traffic stop could start this procedure all over again. Repeated arrests with no follow-up are not only unfair to the defendant, but require the pointless expenditure of time and money by local police, the U.S. Marshal's service, Pretrial Services, court-appointed counsel (whom the government must reimburse), and the U.S. Attorney's Office, not to mention the court. Repeated arrests by different police agencies on the same complaint and warrant will also likely lead to confusion within the law enforcement community and the NCIC. Once the government sets the machinery in motion for a defendant's apprehension, the rules clearly contemplate that the government will act to follow through with its allegations, and that if it cannot do so, the charge will be dismissed.

Of course, the dismissal of the complaint is without prejudice and if the government can satisfy the Superior Court that it is necessary to do so, the Superior Court may issue a new complaint. See Rule 5.1. But those concerned may wish to review the matter and exercise their own discretion before issuing another nationwide arrest order for Mr. Stevens.

### Conclusion

Accordingly, there being no showing of probable cause, the defendant is Discharged and the complaint and warrant are Dismissed. Rule 5.1.