92 So.2d 922

**James Cecil MADDEN**

v.

**James H. SIMMONS and State of Alabama.**

**3 Div. 13.**

Court of Appeals of Alabama.

Feb. 19, 1957.

Horne & Webb, Atmore, for appellant.

John Patterson, Atty. Gen., and Winston Huddleston, Wetumpka, Supernumerary Circuit Solicitor, for appellees.

HARWOOD, Presiding Judge.

This is an appeal from a judgment denying appellant's petition for a writ of habeas corpus.

The Congress of the United States having granted consent, Section 11, Title 4,

U.S.C.A., there was enacted in 1939 (See General Acts of Alabama, 1939, p. 432) an act authorizing and directing the Governor of this State to enter into compacts with the Governor of other States relative to out of State parolee supervision. The above act now appears as Section 27, Title 42, Code of Alabama 1940.

This act is constitutional. Woods v. State, 264 Ala. 315, 87 So.2d 633.

Pursuant to such act this State entered into such a compact with the State of Florida, the Governor of Alabama signing the compact on 4 October 1940, and the Governor of Florida on 5 December 1941.

Among the provisions of the compact, as authorized in Section 27, supra, are the following:

"That duly accredited officers of a sending state may at all times enter a receiving state and there apprehend and retake any person on probation or parole. For that purpose no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken. All legal requirements to obtain extradition of fugitives from justice are hereby expressly waived on the part of states party hereto, as to such persons. The decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state; provided, however, that if at the time when a state seeks to retake a probationer or parolee there should be pending against him within the receiving state any criminal charge, or he should be suspected of having committed within such state a criminal offense, he shall not be retaken without the consent of the receiving state until discharged from prosecution or from imprisonment for such offense."

The present proceeding arises out of the above statute, and compact.

The appellant had been convicted in Escambia County, Florida, of driving while intoxicated. Sentence was suspended and he was placed on probation for two and a half years.

Thereafter this appellant, with consent of the proper officials, removed to Escambia County, Alabama, where he was under the supervision of the probation and parole officer of the 21st Judicial Circuit of Alabama.

After his removal to Alabama this appellant was arrested and charged with the offense of driving while intoxicated, and using obscene language in the presence of a female, which charges were pending at the time of the proceeding below.

On the 6th of November 1956 the Judge of the Court of Records of Escambia County, Florida, the court which had placed the appellant on probation, on complaint of J. C. Lufkin, issued a warrant for the arrest of the appellant for violating the conditions of his probation.

The warrant was directed to "All and Singular Sheriffs and Constables of the State of Florida."

Armed with this warrant James H. Simmons, commissioned as a constable of Escambia County, Florida, came into Escambia County, Alabama, and took the appellant into custody. It is from such restraint that appellant seeks his release.

At the hearing below Mr. Simmons testified, over appellant's objection, that he was the duly accredited agent of the State of Florida for the purposes of returning the appellant, whom he knew personally, to the custody of the Court of Records of Escambia County, Florida.

This ruling was correct since the witness was stating a fact, and not a conclusion. State v. Haskins, 109 Iowa 656, 80 N.W. 1063, 47 A.L.R. 223. See also 20 Am.Jur., Ev., Sec. 771.

In the hearing below the Solicitor for the 21st Judicial Circuit, and the Solicitor for Escambia County, Alabama, testified

that they consented for the release of the appellant to the custody of Florida.

The Attorney General of Alabama, by filing brief and argument seeking to sustain the judgment below has likewise consented to the removal of the appellant to Florida.

 Only the State of Alabama could assert the right under the statute to detain the appellant to answer the charges preferred against him in Alabama. See Stone v. Robinson, 219 Miss. 456, 69 So.2d 206. The State has not asserted its right in the premises, but on the other hand has specifically consented to surrender appellant to Florida.

The evidence submitted, and the legal principles applicable, fully warranted the judgment entered by the lower court. Woods v. State, supra.

Affirmed.