# STATE EX REL. WELDIN C. MORRIS v. RALPH H. TAHASH.

115 N. W. (2d) 676.

May 25, 1962—No. 38,429.

*Weldin C. Morris,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, acting warden of State Prison.

THOMAS GALLAGHER, JUSTICE.

Appeal from an order of the District Court of Washington County, made March 3, 1961, denying relator's petition for a writ of habeas corpus based on his claim that he is unlawfully imprisoned in the State Prison because of his unlawful return to Minnesota from Illinois, without extradition, for violation of the terms of his probation.

Relator was originally sentenced by the District Court of Rice County on January 15, 1959, upon his pleas of guilty to the crime of burglary in the third degree and to conviction of a prior felony in Illinois. Sentence was then imposed upon him as follows:

"Judgment of conviction having been previously entered in this matter * * * with respect to the crime of burglary and the crime of prior conviction, it is now the sentence of this Court that as punishment therefor you be confined at hard labor in the State Penitentiary * * * for a period of time not to exceed five years. It is the further order of the Court that the execution of that sentence be stayed upon the following terms and conditions: * * * that you abide by all the laws of the United States, any state or municipality in which you find yourself during the five years term of your probation and afterwards for that matter.

"THE DEFENDANT: Yes, sir.

"* * * that you remove yourself from the State of Minnesota and remain outside of the State of Minnesota during the period of your probation. * * * in the event the State of Illinois agrees to accept supervision that you then submit yourself to the supervision of the state parole agent of the State of Minnesota and the State of Illinois. By way of explanation, I am informed that the State of Illinois has declined to accept supervision in your case. In the event that that situation should change one of the terms of your probation is that you submit yourself to their supervision. Do you understand?

"THE DEFENDANT: Yes, sir."

On February 6, 1959, he executed an agreement of probation with the Board of Parole and Probation of the State of Minnesota as follows:

"I, Weldin C. Morris * * * in further consideration of being granted permission to leave the State of Minnesota to go to Illinois do hereby agree:

＊　＊　＊　＊　＊

"That I will comply with all the conditions of probation as fixed by the District Court and the State Board of Parole and Probation.

"That I will when duly instructed by the District Court of the 14th Judicial District and/or the State Board of Parole and Probation of the State of Minnesota return at any time to the State of Minnesota.

"That I hereby do waive extradition to the state of Minnesota from any jurisdiction in or outside the United States where I may be found and also agree that I will not contest any effort by any jurisdiction to return me to the State of Minnesota."

Following his sentence relator had returned to his home at Milan, Illinois. On January 9, 1959, Illinois, which at first had declined to accept supervision of his probation, agreed to do so, and on January 24 he executed an agreement with the Department of Public Safety of the State of Illinois as follows:

"I Weldon C. Morris, having been either placed on probation * * * of the State of Minnesota, and having been transferred from said State on Probation, with the understanding and agreement that said probation or parole would be served in the State of Illinois, in consideration of the privilege of residing in the State of Illinois, hereby agree:

＊　＊　＊　＊　＊

"That I will observe all the laws, rules and regulations prescribed both by the sending State and the State of Illinois, which pertain to parole or probation supervision.

＊　＊　＊　＊　＊

"That I will, when duly authorized by the Authorities of the State of Minnesota, return at any time to that State, and I hereby waive extradition to said State.

＊　＊　＊　＊　＊

"Failure to comply with foregoing, will be deemed to be a violation of the terms and conditions of my Probation or Parole for which I may be returned to the State of Minnesota."

On March 18, 1960, a resolution was adopted by the Board of Parole and Probation of the State of Minnesota wherein the board recommended that relator's stay of sentence and probation be vacated and annulled because of his violation of the terms of his probation in "Committing new offenses." The records of the board and the resolution above referred to indicate that relator's parole violations, among other accusations, consisted of associating with men having police records; drinking and "hanging around" the "700 Club" and the "500 Club" in Rock Island; absenting himself from his residence overnight without permission; and having burglary tools in his car. The board's records also indicate that the prison authorities presently hold a detainer upon relator for the sheriff of Knox County, Illinois, where he is wanted on a charge of attempted robbery and breaking and entering.

On March 22, 1960, the District Court of Rice County made an order vacating and annulling relator's stay of sentence and directing the sheriff of Rice County to apprehend him, and upon being furnished with a copy of the order and a warrant of commitment to take him to the State Prison at Stillwater for confinement under sentence of that court. Thereafter, relator was returned to Minnesota by Illinois authorities in the custody of the sheriff of Rice County who in turn, by virtue of a warrant of commitment of the District Court of Rice County, on April 5, 1960, placed him in the custody of the warden of State Prison at Stillwater where he has since been confined.

The proceedings involving relator's probation and return to Minnesota were taken pursuant to Minn. St. 243.02 to 243.16.[1] Section

---

[1] Minn. St. 243.16 provides: "The governor is hereby authorized and empowered to enter into compacts and agreements with other states, through their duly constituted authorities, in reference to reciprocal supervision of persons on parole or probation and for the reciprocal return of such persons to the contracting states for violation of the terms of their parole or probation, * * *."

243.16 is known as the Uniform Act for Out-of-State Parolee Supervision. At all times described, the reciprocal agreement between Minnesota and Illinois under such uniform act was in effect.

■ The record before this court establishes relator's present confinement in State Prison under a valid judgment of conviction and sentence for burglary in the third degree and one prior felony conviction. The judgment of conviction was based upon his plea of guilty to the crime described and his imprisonment therefor is pursuant to the valid warrant of commitment issued under such judgment. Relator fails to point to any defects in the proceedings in the District Court of Rice County or to anything else which would render them invalid. It further appears that such court took particular pains to insure protection of relator's constitutional rights. On the basis of such record, the present petition for a writ of habeas corpus was properly denied. Willoughby v. Utecht, 223 Minn. 572, 27 N. W. (2d) 779, 171 A. L. R. 535; State ex rel. Baker v. Utecht, 221 Minn. 145, 21 N. W. (2d) 328.

■ The principal basis for the petition is the claim that relator's forcible return to Minnesota was invalid and his confinement unlawful in that he had not been guilty of any probation violations and accordingly Illinois had no right to return him to Minnesota. That a court may vacate a stay of execution and reinstate an original sentence at any time without notice is well established. State ex rel. Newman v. Wall, 189 Minn. 265, 249 N. W. 37; State ex rel. Jenks v. Municipal Court, 197 Minn. 141, 266 N. W. 433; §§ 610.37, 610.38, 610.39. It may be added that in making such an order the court is not required to state its reasons therefor, the omission to do so merely constituting an irregularity not going to the question of jurisdiction.

---

On June 6, 1934, prior to passage of § 243.16, Congress had passed an act authorizing compacts between states for cooperation in criminal matters which provided: "That the consent of Congress is hereby given to any two or more States to enter into agreements or compacts for cooperative effort and mutual assistance in the prevention of crime and in the enforcement of their respective criminal laws and policies, and to establish such agencies, joint or otherwise, as they may deem desirable for making effective such agreements and compacts." 48 Stat. 909, 4 USCA, § 111.

Breeding v. Swenson, 241 Minn. 232, 62 N. W. (2d) 488, certiorari denied, 347 U. S. 941, 74 S. Ct. 645, 98 L. ed. 1090; Breeding v. Swenson, 240 Minn. 93, 60 N. W. (2d) 4. Furthermore, it is clear that here the resolution of the board which formed a part of the order vacating the stay of sentence set forth relator's misconduct and parole violations in detail. The fact that there is presently a charge of attempted robbery and breaking and entering against him in Illinois, even though not yet established, would in itself afford sufficient grounds for the court to revoke his probation. § 610.39; Jenks v. Municipal Court, *supra*; State v. Chandler, 158 Minn. 447, 197 N. W. 847.

 Relator's return to Minnesota without extradition proceedings does not appear to have been in violation of any of his constitutional rights. At the time his sentence was stayed and, in consideration of his being permitted to leave this state to return to his home in Illinois, he executed agreements with both Minnesota authorities and Illinois authorities wherein he waived any rights to extradition proceedings he might otherwise have had. Therein he specifically consented to the procedure to which he now objects. Section 243.16 authorizes Minnesota to enter into reciprocal agreements with other states covering out-of-state probationers which agreements provide for their return without extradition proceedings for probation violation. As above indicated such an agreement with the State of Illinois was in effect at all times described herein. The validity of such agreement, while not previously passed upon by this court, was upheld in In re Tenner, 20 Cal. (2d) 670, 128 P. (2d) 338. See, also, People v. Mikula, 357 Ill. 481, 192 N. E. 546; Ex parte Casemento, 24 N. J. Misc. 345, 49 A. (2d) 437; Report Attorney General, 1940, No. 37; 31 Minn. L. Rev. 710; 54 Harv. L. Rev. 508.

We adhere to the viewpoint expressed in such opinions. The order appealed from is affirmed.

Affirmed.

MR. JUSTICE ROGOSHESKE, not having been a member of the court at the time of the submission, took no part in the consideration or decision of this case.