Edward H. COOK, Appellant,

v.

C. V. KERN, Sheriff of Harris County, Texas, Appellee.

No. 21289.

United States Court of Appeals
Fifth Circuit.

April 28, 1964.

Rehearing Denied May 25, 1964.

Percy Foreman, Houston, Tex., for appellant.

Samuel H. Robertson, Jr., Asst. Dist. Atty., Houston, Tex., for appellee.

Before BROWN, MOORE,* and GEWIN, Circuit Judges.

MOORE, Circuit Judge:

This is an appeal from an order of the District Court, entered after a hearing, denying a petition for a writ of habeas corpus.

Appellant was convicted and sentenced to a prison term in the State of Illinois of from ten years to life for the crime of armed robbery. He was subsequently released on parole, and at that time executed a waiver of extradition.[1] The Warden of the Illinois State Penitentiary has issued a warrant for appellant's arrest as a parole violator. Pursuant to this warrant, appellant is now held in the custody of the Sheriff of Harris County, Texas.

Appellant contends that by proceeding under the Texas Uniform Parolee Supervision statute, Tex.Code Crim.Proc. art. 781c § 2(3), the State has denied him rights under the Texas Extradition Law, Tex.Code Crim.Proc. Art. 1008a. Appellant argues that he has been deprived of his right to counsel, habeas corpus, bail, and "his fundamental rights under the Fourteenth Amendment to the Constitution * * *."

Whatever the benefits appellant might have enjoyed under the Texas Extradition Statute, he has not been deprived of a federally protected right; therefore, the writ was properly denied. See Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); Pettibone v. Nichols, 203 U.S. 192, 27 S.Ct. 111, 51 L.Ed. 148 (1906); Munsey v. Clough, 196 U.S. 364, 25 S.Ct. 282, 49 L.Ed. 515 (1905); United States ex rel. Simmons on Behalf of Gray v. Lohman, 228 F.2d 824 (7th Cir. 1955); Ex Parte Cohen, 23 N.J.Super. 209, 92 A.2d 837 (App.Div.1952). Moreover, even assuming that a constitutional right were involved, appellant's parole agreement constitutes a sufficient waiver. In United States ex rel. Simmons on Behalf of Gray v. Lohman, supra, the Court of Appeals said:

"* * * [h]aving entered into such [parole] agreement, it is not discernible how or in what manner his constitutional rights are violated when it is sought, upon a violation, to obtain his return. Assuming, however, contrary to what we think, that any constitutional right is involved, it is waived by the agreement which the parolee makes with the State." 228 F.2d at 826.

Execution by Texas officers of the Illinois warrant of arrest is not a denial by the Texas authorities of any federally guaranteed right. If the Illinois warrant, based upon the actions of the prison authorities in revoking parole, is invalid for reasons having federal constitutional stature, courts in Illinois, state and federal, are open for the protection and vindication of these rights.

In the view we take of the case, it is unnecessary to determine whether the provisions of the Parolee Supervision law apply to appellant.

Anticipating the possibility that the denial of the writ might be affirmed, appellant has filed a formal request that the matter be stayed pending determination of any application for certiorari to the United States Supreme Court. The Court declines to grant a stay under 28 U.S.C.A. § 2101(f). Rather, as permitted

---

* Of the Second Circuit, sitting by designation.

1. The waiver of extradition signed by appellant provides: "* * * I promise to abide by several parole conditions, in one of which I agree to waive the rights to extradition proceedings if I am found as a defaulter in any state of the union. In compliance with this agreement I "HEREBY CERTIFY that if found to be a defaulter in any state I freely and voluntarily agree to accompany any Illinois messenger as a prisoner to the State of Illinois for the purpose of serving my unexpired sentence in the Illinois State Penitentiary. FURTHERMORE, I hereby waive any and all formality in connection with my said return, * * *."

by Rule 32 of this Court, the mandate of this Court shall issue forthwith. But it shall not be effective until 11:00 a. m. May 5, 1964, at which moment the stay heretofore entered will expire without further action. This will afford an orderly opportunity for seeking a stay from the Circuit Justice.

Affirmed.