STATE EX REL. GEORGE SWYSTON, a.k.a. GEORGE
NICHOLAS SWYSTUN, v. KERMIT HEDMAN.

179 N. W. (2d) 282.

August 28, 1970—No. 42046.

*C. Paul Jones,* State Public Defender, and *Ronald L. Haskvitz,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *William B. Randall,* County Attorney, *Mentor C. Addicks, Jr.,* Special Assistant County Attorney, and *Paul Lindholm,* Assistant County Attorney, for respondent, Sheriff of Ramsey County.

Heard before Knutson, C. J., and Nelson, William P. Murphy, Otis, and James F. Murphy, JJ.

PER CURIAM.

On October 22, 1965, George Swyston, a.k.a. George Nicholas Swystun, was convicted of second-degree burglary in California. He was placed on probation for 3 years. His supervision was then transferred to the Minnesota authorities. At that time appellant executed an "Agreement to return," which provided in part:

"That I hereby do waive extradition to the state of CALIFORNIA from any jurisdiction in or outside the United States where I may be found and also agree that I will not contest any effort by any jurisdiction to return me to the state of CALIFORNIA.

* * * * *

"Signed George Swyston"

On June 28, 1968, California revoked his probation. The governor of Minnesota subsequently signed a rendition warrant pursuant to which appellant was arrested on March 11, 1969. Thereafter he petitioned for a writ of habeas corpus. A hearing was held on May 14, 1969. In his petition, appellant alleged that the demand for extradition and the war-

rant were not proper in form and that he is not the identical person named in the demand for extradition and in the arrest warrant.

On May 15, 1969, the petition was dismissed and the writ quashed. Appellant has appealed from that order.

1. Appellant contends that since he alleged in his petition for habeas corpus that he was not the person named in the demand for extradition and in the arrest warrant, no presumption arises that he is the person sought.

In State ex rel. Grande v. Bates, 101 Minn. 303, 306, 112 N. W. 260, 261, the petitioner claimed on appeal that there was no proof that he was the person described in the extradition and arrest warrant. The court there held:

"* * * Under such circumstances the presumption arising from the identity of the name of the relator with the name in the warrant and requisition papers is sufficient prima facie evidence of his identity."

Appellant seeks to distinguish Bates in two respects. First, he has alleged in his petition that he was not the person named in the extradition proceedings. Secondly, he argues that the discrepancies in names puts his identity in issue.

There are no Minnesota cases dealing with the presumption and the burden of proof where a relator denies in his petition that he is the person being sought. State v. Limberg, 274 Minn. 31, 142 N. W. (2d) 563, however, presents an analogous situation. In Limberg, the question was the effect of the presumption, raised by the rendition warrant, that the person in custody was present in the demanding state at the time of the offense. There we held that the bare assertion he was not present is insufficient to rebut the presumption. But where the accused positively and unequivocally testifies that he was not present in the demanding state at the time of the offense, the state must present some testimony that he was present. There appears no reason why this rule should not also apply with regard to the burden of proof on identification. If appellant was not the person sought, it is difficult to understand why he submitted to supervision in Minnesota from December 1965 until June 1968.

2. Appellant's second contention is that an "agreement to return," executed outside of the asylum state, is not sufficient to remove appellant without proper extradition proceedings. The general rule is that parole may be granted on such terms and conditions as the granting power may see fit, as long as they are not illegal, immoral, or impossible to perform. Adams v. United States ex rel. McCann, 317 U. S. 269,

63 S. Ct. 236, 87 L. ed. 268. Waivers such as this constitute a valid condition of parole. State ex rel. Morris v. Tahash 262 Minn. 562, 115 N. W. (2d) 676. We find no impropriety in such agreements and no authority is cited to support a contrary holding.

Finally, appellant argues that the waiver was not knowingly and intelligently executed. No evidence supports this contention and we find it to be without merit.

Affirmed.

Mr. Justice Kelly, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.