**Ex parte Clayton WILLIAMS.**

**No. 44834.**

Court of Criminal Appeals of Texas.

Nov. 16, 1971.

---

1. It would appear to be better practice to confer with his client in the absence of the jury.

No Attorney on Appeal.

Carol S. Vance, Dist. Atty., and James C. Brough, Asst. Dist. Atty., Houston, and Jim. D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This appeal is from an order in a habeas corpus proceeding, remanding appellant to custody for extradition to the State of New York.

The appellant was convicted and sentenced for the offense of robbery and thereafter granted parole. His extradition is sought under the provisions of Art. 51.-13, Sec. 3, Vernon's Ann.C.C.P., by the State of New York because of an alleged violation of the terms of his parole.

At the habeas corpus hearing, the Executive Warrant of the Honorable Preston Smith, Governor of the State of Texas, was introduced. It recites that the appellant "stands convicted of the crime of robbery in the second degree before the proper authorities by indictment, sentence, parole, parole delinquency and thereafter vio- ·

lated the terms of his parole." The supporting papers introduced include the terms of parole.

The appellant testified and admitted that he had violated parole by not reporting to his parole officer and by leaving the State of New York without permission. He also acknowledged that he agreed to a condition of parole which was that: "Should the occasion arise, I will waive extradition and will not resist being returned by the Board of Parole to the State of New York." Waiver of extradition by contract has been upheld. See Cook v. Kern, 330 F.2d 1003 (5th Cir.1964). See also State ex rel. Morris v. Tahash, 262 Minn. 562, 115 N.W.2d 676 (1962).

Appellant complains that he was held in Harris County more than ninety days on a fugitive warrant. It appears he was held on a fugitive warrant, as a parole violator for ninety days. Thereafter, another fugitive warrant was filed, based upon a murder charged[1] in the demanding state. There does not appear to be any basis for appellant's complaint, if so, it was moot, because at the time of the habeas corpus hearing the return reflects the appellant was being detained by virtue of the Governor's Warrant. See Ex Parte Hensley, 140 Tex.Cr.R. 450, 145 S.W.2d 573.

Appellant cannot sucessfully make a collateral attack on the New York State judgment of conviction in this proceeding. Ex Parte Bacquet, Tex.Cr.App., 469 S.W. 2d 578.

The Executive Warrant introduced in the proceedings appearing to be regular, the order remanding appellant to custody for extradition is affirmed.

No motion for rehearing will be filed by the clerk except by leave of the court.

Opinion approved by the Court.

1. Not the same offense. See Art. 51.08, V.A.C.C.P.