[Crim. No. 23747. First Dist., Div. Three. July 12, 1982.]

In re PHYLLIS KLOCK on Habeas Corpus.

COUNSEL

Jeff Brown, Public Defender, Peter G. Keane, Chief Attorney, and Donna Teshima, Deputy Public Attorney, for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Herbert F. Wilkinson and Dane R. Gillette, Deputy Attorneys General, for Respondent.

OPINION

SCOTT, Acting P. J.—This petition seeks to set aside an extradition order by which petitioner is to be returned to New York for parole violation proceedings.

The question presented is whether a fugitive from a sister state who has signed a waiver of extradition as a condition of parole can be extradited from California without formal extradition proceedings. We conclude that under the compulsion of the holding in *In re Patterson* (1966) 64 Cal.2d 357 [49 Cal.Rptr. 801, 411 P.2d 897] advance waivers of extradition are ineffective in California, thus requiring that California authorities obtain a Governor's warrant issued pursuant to Penal Code section 1548 et seq. (Uniform Criminal Extradition Act) in order to return a fugitive parolee.

On May 20, 1981, a complaint was filed in municipal court seeking to extradite petitioner to New York for violating her parole when she fled from that state on December 28, 1978. Petitioner opposed extradition. At the hearing set on June 18, 1981, instead of presenting a Governor's warrant issued pursuant to the Uniform Criminal Extradition Act, the court was presented with a written "waiver" of extradition allegedly signed by the petitioner in 1978 at the Bedford Hills Correctional Facility in New York. Petitioner denied having signed the waiver and made other contentions as to the invalidity of the proceedings to extradite her to New York. The court apparently accepted the validity of the waiver of extradition and therefore remanded petitioner into the custody of the sheriff for delivery to the New York officials. Subsequently the California Supreme Court, in response to a petition for a writ of habeas corpus, issued an order to show cause returnable in the

superior court ordering the sheriff to show "why the purported waiver of extradition should not be deemed ineffective and petitioner entitled to demand formal extradition in light of Penal Code section 1555.1, *In re Patterson,* [*supra,*] 64 Cal.2d 357, 363, and *In re Satterfield* [1966], 64 Cal.2d 419, 421-422." The Supreme Court stayed extradition pending final disposition of the petition for habeas corpus.

A hearing was held wherein evidence was taken as to the validity of petitioner's signature on the waiver of extradition. The petition for habeas corpus was denied. In her petition for a writ of habeas corpus to this court, petitioner again challenges the validity of her extradition based upon her waiver. We conclude that the purported waiver of extradition signed in New York is ineffective in light of the requirements of Penal Code section 1555.1 and the holding in *In re Patterson, supra,* 64 Cal.2d 357.

Penal Code sections 1548 through 1558, the Uniform Criminal Extradition Act (hereafter the extradition act) provide the legal framework for extraditing fugitives from justice. Section 1555.1 specifies the manner in which an arrested person may waive extradition: "Any person arrested in this State charged with having committed any crime in another State or alleged to have escaped from confinement, or broken the terms of his bail, probation or parole may waive the issuance and service of the Governor's warrant provided for in this chapter and all other procedure incidental to extradition proceedings, by subscribing in the presence of a magistrate within this State a writing which states that he consents to return to the demanding State; provided, however, that before such waiver shall be subscribed by such person, the *magistrate shall inform him of his rights* to require the issuance and service of a warrant of extradition as provided in this chapter.

"If such waiver is executed, it shall forthwith be forwarded to the office of the Governor of this State and filed therein. The magistrate shall direct the officer having such person in custody to deliver such person forthwith to the duly authorized agent of the demanding State, and shall deliver to such agent a copy of such waiver.

"Nothing in this section shall be deemed to limit the rights of the accused person to return voluntarily and without formality to the demanding State, nor shall this procedure of waiver be deemed to be an exclusive procedure or to limit the powers, rights or duties of the officers of

the demanding State or of this State." (Added by Stats. 1937, ch. 554, § 28, p. 1589.) (Italics added.)

Case law has reiterated the requirements that such a waiver be signed before a magistrate with proper admonitions (*In re Schoengarth* (1967) 66 Cal.2d 295, 303 [57 Cal.Rptr. 600, 425 P.2d 200]) and that the waiver must be signed in the asylum state (*In re Patterson, supra,* 64 Cal.2d at p. 363; *In re Satterfield, supra,* 64 Cal.2d 419, 421 [50 Cal.Rptr. 284, 412 P.2d 540]).

No contention is made that the purported waiver here was signed in California before a magistrate. Instead, the Attorney General argues that this waiver satisfies the third paragraph of Penal Code section 1555.1. He argues persuasively that since the code states that the specified procedure shall not be deemed exclusive, it permits removal based upon a waiver signed in another state as a condition of release on parole. He cites several cases from other jurisdictions which support that reading.

A Texas decision catalogues and discusses the various extradition waiver cases (*Ex Parte Johnson* (Tex. Crim. 1980) 610 S.W.2d 757). Discussing the extradition act, where language similar to the third paragraph of Penal Code section 1555.1 relied upon by the Attorney General is cited, the *Johnson* court reviews various "advance waiver of extradition" cases and observes "[t]he following state cases also support the proposition that prior waivers of extradition as a condition of parole are enforceable and provide an alternative to extradition or waiver under the UCEA: [Citations.] These cases have dealt with waivers as a condition of parole. We hold that formal extradition proceedings are not necessary to the return of absconding parolees or probationers who have signed a prior waiver of extradition as a condition to their release."

It is clear that our sister state courts have construed the provisions of the Uniform Criminal Extradition Act to permit the return of parolees without formal extradition proceedings where an advance waiver of extradition has been signed as a condition of parole.

However, *In re Patterson, supra,* 64 Cal.2d 357, holds otherwise. In *Patterson,* a Texas parolee came to California, apparently in violation of his parole, and committed burglaries in Los Angeles. Because the subsequently imposed California terms were to run concurrently with his Texas sentence, the *Patterson* court concluded he was entitled to a

transfer to Texas. However, the Attorney General proposed that his transfer be conditioned upon an advance waiver of the right to demand extradition proceedings at the time of his possible return to California. The *Patterson* court rejected that suggestion, stating: "The procedure for obtaining a waiver of extradition is prescribed in section 25-A of the Uniform Criminal Extradition Act, which states that any person may waive extradition 'by executing or subscribing in the presence of a judge of any court of record *within this state* a writing which states that he consents to return to the demanding state. . . .' (Italics added.) This section has been enacted in substance by both California and Texas. (Cal. Pen. Code, § 1555.1; Tex. Code Crim. Proc., art. 1008a, § 25-A.) *Thus it appears that the waiver must be executed before a judge in the asylum state and that a waiver executed prior to petitioner's transfer to Texas would be of no effect under the law of either state.* The last sentence of the section provides that the procedures therein described are not to be deemed exclusive. Therefore, if some other statute provided an alternative procedure permitting an advance waiver, it would be controlling. However, we have found no other statute applicable to the facts of this case,[1] and thus the procedure is governed by the provisions of section 1555.1." (Second italics added.) The court's footnote 1 provides: "Penal Code section 11177 provides that persons released on parole may be returned to this state at any time and may be required to execute a waiver of extradition. However, petitioner is not claiming the right to be released on parole; hence this section is inapplicable to the present case." (*In re Patterson, supra,* 64 Cal.2d at pp. 363-364; see *In re Albright* (1982) 129 Cal.App.3d 504 [181 Cal.Rptr. 84].)

The *Patterson* court's statement that an advance waiver in California would be given no effect under the law of Texas has been held incorrect in *Ex Parte Williams* (Tex. Crim. 1971) 472 S.W.2d 779, and *Ex Parte Johnson, supra,* 610 S.W.2d 757. However, as a statement of California's requirements for a valid waiver, it has not been overruled. It does not appear to be a dictum, because it is the justification given for rejecting the Attorney General's suggestion that an advance waiver be extracted.

We completely agree with our colleague Feinberg's analysis except his attempt to distinguish *Patterson.* Surely the facts of *Patterson* are distinguishable but its holding is clear, i.e., that advance extradition waivers executed outside of the asylum state are invalid. The *Patterson* court goes to great pains to point out that the only statutory exception

is pursuant to Penal Code section 11177 (Uniform Act for Out-of-State Parolee Supervision). (*In re Patterson, supra*, 64 Cal.2d at p. 363, fn. 1.)

Again in *In re Satterfield, supra*, 64 Cal.2d 419, the court reiterated its *Patterson* holding stating at pages 421-422: "The Attorney General contends that even if the return of petitioner may be secured by normal extradition proceedings, he should be required to execute a waiver in order to avoid the expense of such proceedings. However, as is more fully discussed in *Patterson*, section 25-A of the Uniform Criminal Extradition Act specifies that a waiver of extradition be executed before a court of the asylum state. This section has been enacted by both California and Florida (Cal. Pen. Code, § 1555.1; Fla. Stats., tit. 45, § 941.26), and therefore a waiver executed prior to petitioner's transfer to Florida would be of no effect under the law of either state. The policy reflected in this provision is sound, for a prior waiver of extradition might prevent petitioner from raising legitimate objections to the demand for his return to this state which are unforeseeable at this time. It would be inequitable to require him to waive such objections in advance if the purpose in doing so were merely to avoid an extradition proceeding." However distinguishing may be the facts of *Patterson* and *Satterfield*, their holdings clearly control our decision here.

In *Albright* we were not confronted with the anomaly created by *Patterson*, i.e., giving a fugitive greater procedural protection than an out-of-state parolee. In *Albright* we simply acknowledged the obvious —that Penal Code section 11177, subdivision (3), specifically provided for an out-of-state waiver of extradition in cases of transferred parole supervision; therefore, formal extradition proceedings were unnecessary. No such statutory authorization exists in the case of a fugitive.

The holding in *Patterson* must be followed. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].)

We therefore conclude that the advance waiver of extradition in New York is ineffective as a waiver of extradition in California. To effect the petitioner's extradition it will be necessary for the state to invoke formal extradition proceedings as provided in Penal Code sections 1548-1558. We are further of the view that the Supreme Court should reconsider its holding in *Patterson*.

A petition for a writ of habeas corpus is granted. Petitioner is ordered released from the custody of the sheriff.

Barry-Deal, J., concurred.

**FEINBERG, J.**—I dissent, as I believe that the petitioner's waiver of extradition signed in New York was effective because Penal Code section 11177, subdivision (3)[1] (a part of the Uniform Act for Out-of-State Probationer or Parolee Supervision (Uniform Compact) (Pen. Code, § 11175 et seq.)) provides an alternative method for the return of a fugitive from justice.

A fugitive is defined as one who, having committed a crime in one state, leaves it and is found in another. (*People* v. *Superior Court* (*Lopez*)* (Cal.App.)) Petitioner is a fugitive. Parole violation is an extraditable offense. (*Forester* v. *California Adult Authority* (8th Cir. 1975) 510 F.2d 58, 61.) The question therefore is whether petitioner, a fugitive who has executed an advance waiver of extradition in another state, has a right to claim that she may only be returned by compliance with the Uniform Extradition Act.

As the majority concedes, my conclusion is supported by *Ex parte Johnson, supra,* (Tex.Crim. 1980) 610 S.W.2d 757, and the authorities therein cited. In *Johnson*, as here, the petitioner was a fugitive who had executed a prior waiver of extradition in another state (Illinois) as a condition of his parole. The court held that although he had not been transferred to Texas for parole supervision under the Uniform Compact, Johnson's agreement to waive extradition was sufficient without formal extradition proceedings. The *Johnson* court first cited *Cook* v.

---

[1]Penal Code section 11177, subdivision (3) provides: "That duly accredited officers of a sending state may at all times enter a receiving state and there apprehend and retake any person on probation or parole. For that purpose no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken. *All legal requirements to obtain extradition of fugitives from justice are hereby expressly waived on the part of states party hereto, as to such persons.* The decision of the sending state to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving state. If at the time when a state seeks to retake a probationer or parolee there should be pending against him within the receiving state any criminal charge, or he should be suspected of having committed within such state a criminal offense, he shall not be retaken without the consent of the receiving state until discharged from prosecution or from imprisonment for such offense." (Italics added.)

*Reporter's Note: By order of the Supreme Court dated April 8, 1982, the Court of Appeal was directed to vacate its opinion filed Aug. 24, 1981, to entertain a petition for rehearing. For subsequent opinion see 130 Cal.App.3d 776 [182 Cal.Rptr. 132].

*Kern* (5th Cir. 1964), 330 F.2d 1003 which in turn quoted from *U.S.* ex rel. *Simms on Behalf of Gray* v. *Lohman* (7th Cir. 1955) 228 F.2d 824, at page 826, that """. . . [h]aving entered into such [parole] agreement, it is not discernible how or in what manner his constitutional rights are violated when it is sought, upon a violation, to obtain his return. Assuming, however, contrary to what we think that any constitutional right is involved, it is waived by the agreement which the parolee makes with the State." 228 F.2d at 826."" The *Johnson* court then noted that Texas could apprehend and remand through its own authorities an absconding parolee who has signed a pre-release waiver of extradition under *either* the authority of the Uniform Compact or the Uniform Extradition Act.

The *Johnson* court relied on the authorities that support the proposition that *prior waivers of extradition as a condition of parole* are enforceable and provide an *alternative* to extradition or waiver under the Uniform Extradition Act. (*Pierson* v. *Grant* (8th Cir. 1975) 527 F.2d 161; *Forester* v. *California Adult Authority, supra*, 510 F.2d 58, 61; *Schwartz* v. *Woodahl* (1971) 157 Mont. 479 [487 P.2d 300]; *White* v. *Hall* (1972) 15 Md.App. 446 [291 A.2d 694]; *In re Williams*, 472 S.W.2d 779 (Tex.Cr.App. 1971); *State* ex rel. *Swyston* v. *Hedman* (1970) 288 Minn. 530 [179 N.W.2d 282]; *State* v. *Tahash* (1962) 262 Minn. 562 [115 N.W.2d 676]; *Madden* v. *Simmons* (1957) 39 Ala. App. 24 [92 So.2d 922]; *Pierce* v. *Smith* (1948) 31 Wn.2d 52 [195 P.2d 112] cert. den. 335 U.S. 834 [93 L.Ed.387, 69 S.Ct. 24]; *Ex parte Casemento* (1946) 24 N.J.Misc. 345 [49 A.2d 437, 439-440].)

All of the above find authority for giving effect to the prior waiver in the provision of the Uniform Compact by which the states waive extradition. (Pen. Code, § 11177, subd. (3), quoted above at fn. 1.)

In *Forester* v. *California Adult Authority, supra*, 510 F.2d 58, the court, at page 61, held that conditioning parole on an execution of an extradition waiver did not render the waiver involuntary without a specific showing of how the condition was coercive in the particular case. The court noted that parole is an act of grace and reasonable conditions may be imposed by the Board which has wide discretion to determine under what conditions an inmate is to be paroled, and continued at page 61:

"In Morrissey v. Brewer, 408 U.S. 471, 477, 92 S.Ct. 2593, 2598, 33 L.Ed.2d 484 (1972), the Supreme Court noted that '[t]he essence of pa-

role is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence.' While that case addressed conditions of parole which dealt with a parolee's life-style rather than conditions that might affect the procedure to be used in recalling him to prison should he violate his parole, a pardon conditioned upon an extradition waiver was' explicitly upheld in In re Saucier, 122 Vt. 208, 167 A.2d 368 (1961)."

I do not agree with my colleagues that a different result is mandated by *In re Patterson* (1966) 64 Cal.2d 357 [49 Cal.Rptr. 801, 411 P.2d 897], and its substantially identical companion case, *In re Satterfield* (1966) 64 Cal.2d 419 [50 Cal.Rptr. 284, 412 P.2d 540]. *Patterson* is distinguishable. Patterson was on parole on the Texas sentence, but he did not oppose extradition; on the contrary, he sought an order directing his return to Texas. Thus, Penal Code section 11177 did not come into play. Further, insofar as California, in *Patterson*, asked that Patterson be required to execute a waiver of extradition to California as a condition of being returned to Texas, Patterson was *not* on parole for his California conviction and sentence so that, again, Penal Code section 11177 was not applicable.

In fact, the court in *Patterson, supra*, expressly recognized that Penal Code section 11177[2] was not there applicable, and section 1555.1 not the exclusive method of waiver. Thus, I do not think *Patterson* is controlling here. Further, *In re Schoengarth* (1967) 66 Cal.2d 295, 303 [57 Cal.Rptr. 600, 425 P.2d 200], held that the formal waiver prescribed by the first paragraph of Penal Code section 1555.1 did not apply to the transfer of a prisoner who "voluntarily" chooses to accept a parole on condition that he is released to the custody of another state for trial on outstanding charges against him. *Schoengarth, supra*, relied on the rule that a parolee is bound by the express terms of his conditional release. (*In re Peterson* (1937) 14 Cal.2d 82, 85 [92 P.2d 890].)

In the case of *In re Tenner* (1942) 20 Cal.2d 670 [128 P.2d 338], in upholding the constitutionality of the Uniform Compact, our Supreme Court explained at page 678: "The *existence of an independent method of securing the return of out-of-state parolees does not conflict with nor render ineffectual the federal laws with relation to extradition.* The

[2]Unlike the court in *Patterson*, I find no language in Penal Code section 11177, subsection (3), providing that persons released on parole may be required to execute a waiver of extradition. I read the section merely to state that the states party to the Uniform Compact expressly waive all legal requirements to obtain extradition.

federal method of extradition is always present and may be invoked when necessary to secure the right to return of the fugitive to the demanding state. Also states not party to the interstate compact are free to invoke that procedure to secure the return of fugitive parolees. And *if a state has elected to follow the federal* procedure and claim the *constitutional guarantee, the fugitive of course has the right to insist, on habeas corpus, that the procedure conform to the federal law.* Similarly the parolee detained under the interstate compact has the right to complain, by means of habeas corpus, if that law is not complied with by the authorities. But *no right exists on the part of the parolee, whose parole has been revoked, to claim that he may only be removed by the method of his choosing.* And since the statute applies uniformly to all parolees from states party to the compact, the petitioner may not complain that the statute deprives him of the equal protection of the laws. [Citations.]" (Italics added.)

New York is a party to the Uniform Compact. (N.Y. Exec. Law, § 259-m.) Subdivision (3) of that statute is identical to subdivision (3) of Penal Code section 11177. That provision makes the extradition procedures inapplicable, as is reiterated by Penal Code section 11179 which provides that the Compact shall be construed as separate and distinct from the extradition statutes.

To hold, as the majority impliedly does, that petitioner who violated a condition of her parole by leaving New York and coming to California is afforded more protection against being returned to New York than a supervised parolee who is in this state lawfully pursuant to the Uniform Compact would seem to make no sense. I repeat — *Patterson* does not compel such a result.

I would conclude, therefore, that the petitioner's waiver is valid under the Uniform Compact. I find no basis to conclude that a pre-release waiver of extradition executed as a condition of parole must conform to the formal extradition procedure which by its own terms is non-exclusive. (Pen. Code, § 1555.1.)[3]

---

[3]Here, while New York Criminal Procedure Law, section 570.50, parallels Penal Code section 1555.1, no cases have dealt directly with the question here presented. In *People v. Williams* (1977) 89 Misc.2d 269 [391 N.Y.S.2d 518] the court did not dismiss the fugitive warrant and specifically set for argument the issue of the validity of a prior waiver of extradition executed by the defendant in North Carolina when he was still a juvenile.

In the case of *In re Albright* (1982) 129 Cal.App.3d 504, 510-511 [181 Cal.Rptr. 84], we held (at p. 509) that Penal Code section 11177, subdivision (3), provided an alternative method for, an out-of-state parolee who was in this state pursuant to the Uniform Compact to be returned to the sending state. We also held (at pp. 510-512) that due process under that statute required that an arrestee be afforded the right to counsel, to be taken before a judge who would determine the issues of identity, jurisdiction of the demanding state, validity of the demand, and habeas corpus to challenge any irregularities, but that due process did not require examination of the circumstances behind a waiver of extradition.

As petitioner was afforded the procedures we deemed essential in *Albright* to protect due process rights, I would deny the petition for a writ of habeas corpus.

Respondent's petition for a hearing by the Supreme Court was denied September 1, 1982. Mosk, J., was of the opinion that the petition should be granted.