The Honorable Johnny Key State Senator
1105 Delwood Lane Mountain Home, Arkansas 72653
Dear Senator Key:
You have asked for my opinion regarding A.C.A. § 16-94-103, which explains, among other things, how one can waive one's extradition rights. You ask four questions:
 1. Does A.C.A. § 16-94-103(a)(1) require or mandate that a person being held in custody in Arkansas be brought before a court of record to execute or subscribe a free and voluntary waiver of extradition to the other state holding the arrest warrant?
 2. If the answer to Question One is "yes," then is the District Court considered a "court of record" [as that term is used in the statute], or is only the Circuit Court so designated?
 3. If the answer to Question One is "no," then may the sheriff or other person in charge of the jail or detention facility establish other procedures, such as accepting a waiver of extradition [that was] freely and voluntarily executed and subscribed to by the arrestee in the presence of a witness or a notary public that would serve to allow the arrestee to be immediately returned to the state holding the arrest warrant?
 4. If the answer to Question One is "yes," then may the arrestee separately waive an appearance before a judge of a court of record? *Page 2 
RESPONSE
In my opinion, the answer to your first question is not entirely clear from the statute and no Arkansas appellate court has interpreted it. But the vast majority of other states that have examined provisions virtually identical to Arkansas's have concluded that the answer to your question is "no," for the reasons explained below. In my opinion, an Arkansas appellate court asked to decide this question would likely side with the majority view. This answer moots your second and fourth questions. As for your third question, the additional procedures you suggest are not likely to be dispositive to a court that is subsequently asked to assess the waiver's validity. As explained below, courts must evaluate all the facts and circumstances to determine whether the waiver was unambiguous, voluntary, and informed.
DISCUSSION
Question 1: Does A.C.A. § 16-94-103(a)(1) require or mandatethat a person being held in custody in Arkansas be brought before acourt of record to execute or subscribe a free and voluntary waiverof extradition to the other state holding the arrest warrant?
Because no Arkansas appellate court has addressed this question, my opinion can only be, at best, a prediction about how such a court would likely rule on this matter. Section 16-94-103 is part of the Uniform Criminal Extradition Act that has been adopted (in different forms) in nearly every state.[1] Thus, given the lack of any mandatory precedent interpreting section 16-94-103, I am forced to rely on persuasive authority from other courts and opinions from other states' Attorneys General interpreting nearly identical versions of section 16-94-103. The majority of courts that have analyzed your question have held that the answer is "no."
Before explaining those courts' holdings, it will be useful to explain both the principles one must follow when interpreting statutes and the history of section 16-94-103. When interpreting statutes, one's primary aim must be to give effect to the legislature's intent.[2] To do that, we "construe the statute just as it reads, giving the *Page 3 
words their ordinary and usually accepted meaning in common language. . . ."[3] Courts read statutes so that no word is left void, superfluous, or insignificant; and meaning and effect are given to every word in the statute if possible.[4] As for the history of section 16-19-103, it is a part of Arkansas's version of the Uniform Criminal Extradition Act (UCEA). The UCEA was originally developed in 1926, and was revised in 1936.[5] Arkansas's version of the UCEA contains two general parts: a "preliminary part,"[6]
and the central provisions.[7]
Because most other states' versions of A.C.A. § 16-94-103 are, for all practical purposes, identical to section 16-94-103, the decisions interpreting the content of section 16-94-103 are highly persuasive. Nearly all jurisdictions that have interpreted the content of section 16-94-103 have held that it affords alleged fugitives the ability to waive their extradition rights either formally or informally. The waiver may occur "formally" by following the procedure codified in subsection 16-94-103(a)(1); or "informally" according to the law codified in subsection 16-94-103(c).
These courts have located the formal-waiver procedure in the provision Arkansas has codified as subsection 16-94-103(a)(1). That statute explains the procedures governing the waiver before a judge:
 Any person arrested in this state charged with having committed any crime in another state or alleged to have escaped from confinement or broken the terms of his or her bail, probation, or parole may waive the issuance and service of the warrant provided under the Uniform Criminal Extradition Act, § 16-94-201 et seq., and all other procedures incidental to extradition proceedings, by executing or subscribing in the presence of a judge of any court of record within *Page 4 
this state a writing which states that he or she consents to return to the demanding state.
A prima facie reading of this statute seems to indicate that one may only waive one's extradition rights if one appears before a judge. But, as noted above, we must read the entire statute, construing all the provisions together. This prima facie reading of subsection 16-94-103(a)(1) is shown to be incorrect — so the majority of courts have held — when one reads the portion of the UCEA codified at subsection 16-94-103(c). The latter specifically indicates that subsection 16-94-103(a)(1) should not be read to be the "exclusive procedure" for waiver:
 Nothing in this section shall be deemed to limit the rights of the accused person to return voluntarily and without formality to the demanding state, nor shall this waiver procedure be deemed to be an exclusive procedure or to limit the powers, rights or duties of the officers of the demanding state or of this State.
The majority of courts have interpreted this latter provision to clearly indicate that one may waive one's extradition rights "informally," which encompasses not appearing before a judge.[8] I think an Arkansas appellate court would agree with *Page 5 
the conclusion (and reasoning) of these courts; namely, that alleged fugitives may waive their extradition rights formally (i.e., before a judge) under subsection 16-94-103(a)(1) or informally (i.e., not before a judge) under subsection 16-94-103(c).[9]
Given that informal waivers are legally permitted, various courts have outlined a set of criteria to apply when determining whether a specific informal waiver was validly obtained. For example, the intermediate appellate court of New Jersey explained the majority rule regarding the three-part test to determine whether an informal waiver was validly given:
 Federal courts have articulated three requirements for a valid informal waiver of extradition: (1) an unequivocal statement by the accused of his intent to waive extradition rights, (2) made voluntarily, and (3) the rudimentary understanding of the rights being relinquished.[10]
Question 2: If the answer to Question One is "yes," then isthe District Court considered a "court of record" [as that term isused in the statute], or is only the Circuit Court sodesignated?
In light of my response to question one, this question is moot.
Question 3: If the answer to Question One is "no," thenmay the sheriff or other person in charge of the jail or detentionfacility establish other procedures, such as accepting a waiver ofextradition [that was] freely and voluntarily executed andsubscribed to by the arrestee in the presence of a witness or anotary public *Page 6 that would serve to allow the arrestee to be immediatelyreturned to the state holding the arrest warrant?
As I noted in response to your first question, several courts have developed a set of criteria to apply when considering an informal waiver's validly. Whether any particular waiver was valid is always a question of fact. The fact that one informally waives in "the presence of a witness" or has a "notary public's" seal affixed to the waiver could be a factor in a court's determination of validity. But neither will be dispositive because, as explained above, courts must evaluate the entire set of facts to ensure the waiver was clear, voluntary, and informed.
Question 4: If the answer to Question One is "yes," thenmay the arrestee separately waive an appearance before a judge of acourt of record?
In light of my response to question one, this question is moot.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] 35 C.J.S. Extradition and Detainers § 5.
[2] Smith v. Fox,358 Ark. 388, 392, 193 S.W.3d 238, 241 (2004).
[3] E.g., Brown v. State,375 Ark. 499, 502, 292 S.W.3d 288, 290 (2009).
[4] E.g., Arkansas Oklahoma Gas Corp. v. MacSteel Div. ofQuanex, 370 Ark. 481, 485, 262 S.W.3d 147, 150 (2007).
[5] 35 C.J.S. Extradition and Detainers § 5.
[6] The preliminary statutes can be found at A.C.A. §§ 16-94-101 to 16-94-103 (Repl. 2006).
[7] The central provisions can be found at A.C.A. §§ 16-94-201 to 16-94-231 (Repl. 2006).
[8] New Jersey: State v. Soto,773 A.2d 739, 746 (N.J. Super. App. Div. 2001) ("The plain reading of the [UCEA] indicates a fugitive may waive extradition either formally or informally.") (subsequently overruled on other grounds by State v. Dalziel, 867 A.2d 1167 (N.J. 2005); Wisconsin:Buchanan v. City of Kenosha,90 F. Supp. 2d 1008, 1014-15 (E.D. Wis. 2000) (construing Illinois's version of the UCEA) ("Under the Uniform Extradition Act, a fugitive may waive extradition either formally or informally.");Pennsylvania: Morrison v. Stepanski,839 F. Supp. 1130, 1136 (M.D. Pa. 1993) ("[The Pennsylvania version of the UCEA] provides both formal and informal waiver of the right to such [extradition] proceedings."); Commonwealth ofPenn. v. Green, 581 A.2d 544, 551, 555-56 (Pa. 1990) ("We . . . think that logic, common sense, and a plain and simple reading of the statute [on waivers of extradition rights] permits knowing, intelligent[,] and voluntary and non-coercive waivers of extradition without a formal appearance before a judge."); Indiana:McBride v. Soos, 512 F. Supp. 1207, 1211 (N.D. Ind. 1981) (construing Missouri version of UCEA) ("Although a waiver signed in the presence of a judge may be the preferred method, [the provision contained a A.C.A. § 16-94-103(c)] contains a proviso that specifically states it is not the exclusive method of securing a valid waiver.") Rhode Island: see also, State v. Hughes,494 A.2d 85, 89-90 (R.I. 1985) (affirming validity of waiver that was not executed before a judge); Oregon: see also, 26 Or. Op. Att'y Gen. No. 260, 1954 WL 47947 (issued June 30, 1954) ("I believe that a waiver [of extradition] may be lawfully executed by a fugitive in the absence of a judge of a court of record, but it may not be advisable to have him do so because such a waiver may not be [contractually] binding upon the fugitive involved.").
[9] A few jurisdictions have held that only waivers before a judge are valid. But I have not been able to find any case that reaches that conclusion after analyzing how the provision codified at subsection 16-94-103(c) impacts the reading of the waiver provision. Thus, these jurisdictions opinions are only minimally persuasive because they lack the analysis and argumentation found in the cases cited above. See Hagans v. UnitedStates, 408 A.2d 965, 967 (D.C. App. 1979) (interpreting the Maryland UCEA in dicta as requiring an appearance before a judge).But see In re Patterson, 411 P.2d 897 (Cal. 1966) (holding one must always appear before a judge in the asylum state); In reKlock, 133 Cal. App. 3d 726, 184 Cal. Rptr. 234 (1982) (same). This California precedent was explicitly rejected by the Eighth Circuit Court of Appeals in Pierson v. Grant,527 F.2d 161, 164, n8 (1975).
[10] Soto, 773 A.2d a 746 (citing, among other courts,Pierson v. Grant, 527 F.2d 161, 164 (8th Cir. 1975)).