105 N.J. Super. 410 (1969)
252 A.2d 733
STATE OF LOUISIANA, PLAINTIFF-RESPONDENT,
v.
SHELDON LESTER ARONSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 21, 1969.
Decided May 1, 1969.
*412 Before Judges SULLIVAN, FOLEY and LEWIS.
Mr. Harold J. Ruvoldt, Jr., argued the cause for appellant (Messrs Ruvoldt & Ruvoldt, attorneys).
Mr. William J. Cunnane, Assistant Prosecutor, argued the cause for respondent (Mr. James A. Tumulty, Jr., Hudson County Prosecutor, attorney).
The opinion of the court was delivered by SULLIVAN, S.J.A.D.
This appeal involves the issue whether New Jersey is a receiving state under the Uniform Act for Out-of-State Parolee Supervision (Uniform Compact Act). New Jersey is a signatory to the interstate compact for supervision of parolees and probationers of one state resident in another state, and has adopted the Uniform Compact Act, N.J.S. 2A:168-14 to 17.
Defendant Aronson was convicted of the possession of narcotics in the State of Louisiana in December 1967. He was placed on probation in that state for 2 1/2 years but was given permission to take up residence in Brooklyn, New York, with his parents. The record contains the hearsay statement that defendant "signed a waiver or agreement to return in the event that a violation of probation warrant was issued against him."
Defendant, without permission of the Louisiana probation authorities, moved to New Jersey and has continued to reside in this State. As a result, a warrant charging defendant with violation of probation was issued in Louisiana and delivered to the Hudson County Probation Office. The matter then came on for a hearing before the Hudson County Court, which ruled that New Jersey was a receiving state under the Uniform Compact Act and that the warrant was sufficient authority to deliver defendant to the duly accredited officer of Louisiana for return to that state.
Defendant appeals, charging that New Jersey is not a receiving state under the Uniform Compact Act because it is *413 not the state in which defendant was permitted to reside, nor has New Jersey consented to receive defendant and exercise parole supervision over him, as the Uniform Compact Act provides. Defendant argues that the proper proceeding to be followed is extradition and that in fact extradition proceedings against him are pending in New Jersey and awaiting the outcome of this appeal.
We affirm the decision of the Hudson County Court. It is true that New Jersey is not a receiving state in the sense that it is not the state in which defendant is permitted to reside under the terms of his parole. New Jersey has not consented to defendant being allowed to reside in this State, nor has it assumed the duties of parole supervision over defendant. However, New Jersey is a signatory to the interstate compact and has adopted the Uniform Compact Act. One of the purposes of said act is to facilitate the return of parolees to the paroling state without the necessity of bringing formal extradition proceedings. See N.J.S. 2A:168-14(3). To that end, the Uniform Compact Act provides that all legal requirements to obtain extradition are expressly waived on the part of states which are parties to the compact as to parolees and probationers from another state.
It is undisputed that defendant is found in this State. Since New Jersey is a signatory to the compact, and has adopted the Uniform Compact Act, we conclude that New Jersey is a receiving state for the purpose of returning defendant to Louisiana as a parole violator under the procedures established in the Uniform Compact Act. Cf. In re Casemento, 24 N.J. Misc. 345, 49 A.2d 437 (C.P. 1945).
We note that in the 1953 supplement to the Uniform Compact Act, N.J.S. 2A:168-18 to 25, "Receiving State" is defined as "any State, other than the sending State, in which a parolee or probationer may be found; provided, that said State has enacted reciprocal legislation." See N.J.S. 2A:168-19.
*414 We find no merit in defendant's contentions that the Uniform Compact Act denies due process of law and is unconstitutional. Ex Parte Tenner, 20 Cal.2d 670, 128 P.2d 338 (Sup. Ct. 1942), stay granted 314 U.S. 585, 62 S.Ct. 409, 86 L.Ed. 473 (1941), stay vacated 317 U.S. 597, 63 S.Ct. 151, 87 L.Ed. 488 (1942); Pierce v. Smith, 31 Wash.2d 52, 195 P.2d 112 (Sup. Ct. 1948), certiorari denied 335 U.S. 834, 69 S.Ct. 24, 93 L.Ed. 387 (1948).
Defendant's further contention that the pending extradition proceeding is a criminal charge against him in this State and bars proceedings under the Uniform Compact Act is likewise without merit.
Affirmed.
FOLEY, J.A.D. (dissenting).
I am satisfied that New Jersey is not a "receiving state" under the Uniform Compact Act, N.J.S. 2A:168-14 et seq., and for that reason dissent.
N.J.S. 2A:168-14 provides in pertinent part:
"That it shall be competent for the duly constituted judicial and administrative authorities of a state party to this compact (herein called `sending state') to permit any person convicted of an offense within such state and placed on probation * * * to reside in any other state party to this compact (herein called `receiving state') while on probation * * *." (Emphasis added)
Under the facts of this case there can be no doubt that the State of Louisiana was the "sending state," i.e., the state wherein defendant was convicted of an offense and subsequently placed on probation. But it was New York, and not New Jersey, which was the "receiving state" since the duly constituted judicial authorities of Louisiana permitted defendant to reside in that State.
Reference is made by the majority to N.J.S. 2A:168-19:
"As used in this act, the term `receiving State' shall be construed to mean any State, other than the sending State, in which a parolee or probationer may be found; provided, that said State has enacted reciprocal legislation."
*415 However, this act was passed some years after the enactment of N.J.S. 2A:164-14 through N.J.S. 2A:168-17 and by its express terms limited the definition of receiving state therein contained to N.J.S. 2A:168-18 to 25.
Louisiana did not permit defendant to come to New Jersey, nor did New Jersey consent to receive him. Indeed, there is no indication that New Jersey had the slightest knowledge of his presence within the State, and in the circumstances could not have supervised his probation as it would have been required to do had defendant been sent here.
I would reverse.