Melvin R. PIERSON, Appellant,

v.

Walter H. GRANT, Sheriff of Linn County, Iowa, et al., Appellees.

No. 75–1171.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1975.

Decided Dec. 22, 1975.

John M. Thompson, College of Law, Iowa City, Iowa, for appellant.

Raymond R. Stefani, Cedar Rapids, Iowa, for appellees, Walter H. Grant, Sheriff of Linn County, Desk Deputy of Linn County Jail and Jailer of said Jail.

Neil MacFarland, Asst. Atty. Gen., Jefferson City, Mo., for appellees, Warrant Officer and Deputy Warrant Offi-

cer of Missouri State Penitentiary, Jefferson City, Mo.

Before HEANEY, WEBSTER and HENLEY, Circuit Judges.

WEBSTER, Circuit Judge.

Melvin R. Pierson appeals from the entry of summary judgment against his claim for damages resulting from the alleged deprivation of his civil rights.[1] At issue is the use by Missouri authorities of appellant's written waiver of extradition to obtain custody of appellant in Iowa, where he had travelled without permission in violation of the terms of his parole.

The following facts are undisputed:

In 1964, appellant was convicted in Missouri of second degree murder and sentenced to twenty years imprisonment. On November 27, 1970, while confined at a pre-release center, he was presented with certain documents which were to be executed in connection with his parole.[2] One of these was a waiver of extradition which read:

> I, Melvin Robert Pierson hereby freely, voluntarily and without compulsion, waive extradition to the State of Missouri, or any other State of the United States, and also agree that I will not contest any effort by any State of the United States to return me to the State of Missouri.

While this waiver was not signed before a judge or magistrate and the appellant was not specifically advised of his rights relating to extradition, the appellant had attended at least one orientation session before he signed the waiver where these documents were discussed. Appellant was told that he would not be paroled unless he signed the waiver and accepted the parole conditions without objection.

During his parole, appellant received permission to travel to Cedar Rapids, Iowa, on several occasions. Before each

---

1. Appellant brought this action under 42 U.S.C. § 1983. Jurisdiction was based upon 28 U.S.C. § 1343.

2. In addition to the waiver of extradition, appellant also signed an order of parole which set out the conditions of his parole and required appellant to secure advance permission before leaving Missouri or changing his residence.

trip, appellant signed a travel permit which also contained a waiver of extradition. Sometime after June 12, 1971, appellant violated his parole and returned to Iowa without permission.[3] A warrant for his arrest as a parole violator was issued on June 17, 1971. The information that a warrant had been issued was forwarded to the FBI National Crime Information Center and an NCIC bulletin was issued on the appellant.

On September 4, 1971, appellant was arrested by the Linn County (Iowa) Sheriff's department and placed in custody. A fugitive information against appellant was filed on September 7, 1971. On the same day, appellant was brought before a state judge where he was informed of the charges against him and of his rights, and he was asked if he wished to waive formal extradition. Appellant did not respond to this question. An attorney was appointed to represent appellant.

After this preliminary hearing, the Linn County prosecutor's office contacted Missouri authorities, and a copy of the waiver was forwarded to Iowa. Before appellant's hearing on the fugitive information was held, appellee Thomas M. Horan, a Linn County Assistant Attorney, informed appellee J. Raymond Bills, Secretary of the Missouri Board of Probation and Parole, that the Missouri authorities could either use the waiver to return appellant or could go through the normal extradition procedures. Bills then sent two Missouri state employees to Iowa who returned appellant to Missouri. On his return to Missouri, appellant waived a parole revocation hearing and began serving the remainder of his sentence.

Appellant thereafter filed this action pursuant to 42 U.S.C. § 1983 for monetary and declaratory relief against the Linn County Sheriff, Horan and another Linn County Assistant Attorney, Bills, and the two Missouri state employees who returned him to Missouri. He contended that the pre-release waiver of extradition was invalid because (1) it was not executed in accordance with the Iowa version of the Uniform Criminal Extradition Act (UCEA),[4] and (2) the waiver was not voluntarily and knowingly given. The District Court[5] first denied the appellees' motion to dismiss for failure to state a claim upon which relief could be granted. Pierson v. Grant, 357 F.Supp. 397 (N.D.Iowa 1973).[6] The District Court later granted appellees' motion for summary judgment upon a more complete record. In so doing, the court said:

[I]t is the view of the court that summary judgment must be granted in defendants' favor on two grounds. First, plaintiff was removed to Missouri pursuant to a valid waiver of extradition; second and alternatively, defendants are either immune from suit or have defenses which have been established as a matter of law.

■ Since this appeal is from the granting of a summary judgment motion, we must examine the record to determine whether there exist any genuine issues as to any material facts and whether the appellees are entitled to judgment as a matter of law. Fed.R. Civ.P. 56(c). We must resolve all infer-

---

**3.** No travel permit was in effect when the appellant made this trip to Iowa. Thus, the relevant waiver is the one signed prior to his initial release on parole.

**4.** 56 Iowa Code Ann. §§ 759.1–.29 (Supp.1975).

**5.** The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa.

**6.** Appellees do not challenge on appeal the District Court's denial of their motion to dismiss for failure to state a claim upon which

relief could be granted and the parties have not argued this issue before this Court. Because summary judgment was properly granted in favor of appellees on the issue of the waiver of extradition, we have assumed for purposes of this appeal only that a valid claim for relief was stated. We note, however, that there is a conflict as to whether appellant's claim is cognizable under 42 U.S.C. § 1983. Compare Sanders v. Conine, 506 F.2d 530, 532 (10th Cir. 1974), with Hines v. Guthrey, 342 F.Supp. 594, 596 (W.D.Va.1972), and Johnson v. Buie, 312 F.Supp. 1349 (W.D.Mo.1970).

ences in favor of the nonmoving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

## I

██ Appellant argues that in order for a waiver of extradition to be valid there must be compliance with the procedures set forth in Section 25–A of the UCEA.[7] That section provides that a person may waive the extradition procedures provided for in the UCEA if such waiver is made in the presence of a judge and if the judge has informed the person of his rights under the Act. Appellant contends that, absent other statutory provisions on waiver, this section provides the exclusive method of waiver;[8] and thus, since there was admittedly no compliance with the UCEA procedures, the waiver was invalid as a matter of law.

However, Section 25–A contains the following proviso:

[P]rovided, however, that nothing in this Section shall be deemed to limit the rights of the accused person to return voluntarily and without formality to the demanding state, *nor shall this waiver procedure be deemed to be an exclusive procedure or to limit the powers, rights or duties of the officers of the demanding state or of this state.* (Emphasis added)

Advance waivers of extradition in circumstances similar to those of this case have been upheld in a number of cases. *See, e. g., Forester v. California Adult Authority,* 510 F.2d 58, 61 (8th Cir. 1975); *White v. Hall,* 15 Md.App. 446,

291 A.2d 694, 696 (1972); *Ex parte Casemento,* 24 N.J.Misc. 345, 49 A.2d 437, 439–40 (Ct. Common Pleas 1946). We find no basis for concluding that a pre-release waiver of extradition executed as a condition of parole must conform to a procedure which by its own terms is non-exclusive.

## II

██ Appellant contends that the waiver of extradition was involuntary since he was told that he would not be released on parole unless he signed the waiver. This Court has recently observed that parole is an act of grace and has held that boards of parole have wide discretion to impose reasonable conditions in connection with parole. *Forester v. California Adult Authority, supra,* 510 F.2d at 61. Requiring the execution of a waiver of extradition as a condition precedent to parole does not render the waiver involuntary without a specific showing of how such a condition was coercive as applied in the particular case. *Id.* No such showing was made in this case.

██ Appellant also argues that the state should be required to show that the waiver was knowingly made after the appellant was specifically advised as to the various rights under the UCEA which he would surrender in his waiver. Since there are admittedly disputed facts surrounding the nature and amount of advice appellant was given concerning the waiver, appellant argues that summary judgment was inappropriate. The District Court held that "it is sufficient if [appellant] knew generally that he could require the state to undergo for-

---

7. The Uniform Criminal Extradition Act has been adopted by both Missouri and Iowa. *See* 39 V.A.M.S. §§ 548.011–.300 (Supp.1975); 56 Iowa Code Ann. §§ 759.1–.29 (Supp.1975). Each state's version of Section 25–A is substantially similar.

8. In support of this contention, appellant relies upon a series of California decisions. *See In re Schoengarth,* 66 Cal.2d 295, 57 Cal.Rptr. 600, 425 P.2d 200 (1967); *In re Satterfield,* 64 Cal.2d 419, 50 Cal.Rptr. 284, 412 P.2d 540

(1966); *In re Patterson,* 64 Cal.2d 357, 49 Cal. Rptr. 801, 411 P.2d 897 (1966). In *Patterson,* the California Supreme Court said:

The last sentence of the section [Section 25–A] provides that the procedures therein described are not to be deemed exclusive. Therefore, if some other statute provided an alternative procedure permitting an advance waiver, it would be controlling.

49 Cal.Rptr. at 804, 411 P.2d at 900.

mal procedures to effect his return and chose to give this up and that there is no requirement that he specifically be advised of these procedures." We agree with the District Court that the waiver of extradition was knowing if at the time it was signed the appellant had a general knowledge and understanding of what was involved in the waiver. It is undisputed that appellant had such knowledge in this case. In his deposition, appellant admitted the waiver was read to him before he signed it and testified that he basically had a "good idea" of the meaning of the documents. At a pre-release meeting, appellant asked a question which indicated that he would fight extradition despite his signing of the waiver. Thus while there was a dispute as to the specific advice given to appellant before he signed the waiver, there was no dispute as to the fact that appellant generally understood the consequences of his waiver. The dispute raised by appellant is as to immaterial facts. Such disputes are not grounds for reversal of a grant of summary judgment. *See, e. g., Ashcroft v. Paper Mate Mfg. Co.,* 434 F.2d 910, 911–12 (9th Cir. 1970); *Robbins v. Gould,* 278 F.2d 116, 120 (5th Cir. 1960). *See generally* 10 C. Wright & A. Miller, Federal Practice and Procedure § 2725, at 505–07 (1973).

There was thus "no genuine issue as to any material fact". Fed.R.Civ.P. 56(c). The conclusion of the District Court that Pierson was removed to Missouri pursuant to a valid waiver of extradition is fully supported on the record and the appellees are entitled to a judgment as a matter of law.

The judgment of the District Court is affirmed.[9]

---

**9.** Since we agree with the District Court that summary judgment was proper because the waiver was valid, it is unnecessary for us to reach the District Court's alternative reason for granting the motion, *i. e.,* that the defendants "are either immune from suit or have defenses which have been established as a matter of law."

Appellant additionally sought declaratory relief pursuant to 28 U.S.C. §§ 2201–02 in an attempt to avoid the impact of these alternative defenses. Since we hold that appellant's removal to Missouri from Iowa was pursuant to a valid waiver, there remains no justiciable issue for which declaratory relief would be appropriate.