189 N.J. Super. 257 (1983)
459 A.2d 1209
STATE OF NEW JERSEY, PLAINTIFF,
v.
DOUGLAS MAGLIO, DEFENDANT.
Superior Court of New Jersey, Law Division Morris County.
February 4, 1983.
*259 Michael J. Noonan, Assistant Deputy Public Defender, for defendant.
Frank P. Leanza, Assistant Prosecutor, for the State (Lee S. Trumbull, Prosecutor, Morris County, attorneys).
MacKENZIE, J.S.C.
Defendant, a resident of Florida, pleaded guilty to three counts of theft by deception. N.J.S.A. 2C:20-4 a. In his factual statement he admitted committing these offenses while temporarily visiting relatives in New Jersey. At sentencing defendant expressed a wish to return to Florida should a noncustodial sentence be imposed. A comparison of the criteria (N.J.S.A. 2C:44-1 a., b.) for imposing or withholding a sentence of imprisonment led this court to the conclusion that the mitigating circumstances outweighed the aggravating factors. Defendant was placed on probation for a term of three years, subject to the standard conditions and to certain special conditions. N.J.S.A. 2C:45-1. Supervision of defendant was allowed to be transferred to the appropriate probation department in Florida, pursuant to the Uniform Act for Out-of-State Parolee Supervision, N.J.S.A. 2A:168-14 et seq. See, also, Fla. Stat. § 949.07.
One of the special conditions of probation imposed by the court was the requirement that defendant waive in advance his right to an extradition hearing in the event a violation of probation complaint is filed. He consented in court and, shortly thereafter, signed a waiver of extradition form in the presence of his attorney. The authority of the court to impose such a special condition of probation has never been the subject of any judicial opinion in New Jersey.
N.J.S.A. 2C:45-1 authorizes the court to "attach such reasonable conditions, authorized by this section, as it deems necessary to insure that he [the probationer] will lead a law-abiding life, or is likely to assist him to do so." Waiver of the right to an extradition hearing is not an enumerated specific condition of *260 probation which appears in N.J.S.A. 2C:45-1 b. Nevertheless, there is a catch-all provision which permits the court to require one sentenced
(12) To satisfy any other condition reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience; [N.J.S.A. 2C:45-1b.(12)]
Similar broad language was contained in the predecessor statute, N.J.S.A. 2A:168-2[1]. N.J.S.A. 2C:45-1 b.(12) and its predecessor have been construed to permit the imposition of probation conditions not explicitly listed in the statute. See State v. Bausch, 83 N.J. 425, 433 (1980). State v. Monaco, 166 N.J. Super. 435 (App.Div. 1979) provides one example of the discretionary imposition of a condition of probation not specified in the statute. In Monaco the sentencing judge imposed the special condition that defendant complete an inpatient drug treatment program, and this condition was upheld when challenged on appeal.
N.J.S.A. 2A:168-14 directs the Governor of New Jersey to enter into a compact authorizing signatory states to supervise probationers and parolees permitted to reside outside New Jersey. N.J.S.A. 2A:168-14(3) provides that the supervising states, by signing the compact, waive their right to require that formal extradition procedures be followed when the sentencing state *261 requests return of the probationer. Florida also has enacted this statute. Fla. Stat. § 949.07. In Louisiana v. Aronson, 105 N.J. Super. 410 (App.Div.), aff'd o.b. 54 N.J. 238 (1969), the court held that N.J.S.A. 2A:168-14(3) prevented New Jersey from requiring that formal extradition procedures be followed when return of a probationer was requested. The opinion in California v. Crump, 180 N.J. Super. 27 (App.Div. 1981), established that when a sentencing state is a great distance from a supervising state, a probationer can request a hearing to determine if a prima facie case of probation violation has been made out. The hearing will save defendant the inconvenience of returning to California if there is absolutely no merit to the claim that a violation of probation occurred. No mention of the waiver of extradition rights by a defendant appears in the Crump or Aronson opinion.
The waiver provision in N.J.S.A. 2A:168-14(3) applies to relations between states and cannot be construed as implying a waiver of a defendant's rights to have formal extradition procedures followed. Waiver of extradition rights is expressly covered by the Uniform Criminal Extradition Act (N.J.S.A. 2A:160-1 et seq.) and any waiver of rights under the Uniform Criminal Extradition Act should be explicit, not implicit.
Section 25A of the Uniform Criminal Extradition Act[2] authorizes a defendant to waive extradition proceedings:
Any person arrested in this state charged with having committed any crime in another state or alleged to have escaped from confinement, or broken the terms of his bail, probation or parole, may waive the issuance and service of the warrant provided for in sections 2A:160-15 and 2A:160-16 of this title and all other procedure incidental to extradition proceedings, by executing or subscribing in the presence of a judge of any criminal court of record within this state a writing which states that he consents to return to the demanding state. Before such waiver shall be executed or subscribed by such person it shall be the duty of such judge to inform such person of his rights to the issuance and service of a *262 warrant of extradition and to obtain a writ of habeas corpus as provided for in section 2A:160-18 of this title.
If and when such consent has been duly executed it shall forthwith be forwarded to the office of the governor of this state and filed therein. The judge shall direct the officer having such person in custody to deliver forthwith such person to the duly accredited agent or agents of the demanding state, and shall deliver or cause to be delivered to such agent or agents a copy of such consent. Nothing in this section shall be deemed to limit the rights of the accused person to return voluntarily and without formality to the demanding state, nor shall this waiver procedure be deemed to be an exclusive procedure or to limit the powers, rights or duties of the officers of the demanding state or of this state. [N.J.S.A. 2A:160-30]
In construing this statute a trial court held that a parolee from Pennsylvania who had waived his extradition right as a condition of parole, was not entitled to an extradition hearing in New Jersey. Ex Parte Casemento, 24 N.J. Misc. 345 (C.P. 1945). That waiver was not violative of defendant's constitutional right or statutory rights under the Uniform Act. Basic to that determination was a conclusion that waiver of extradition was not unduly restrictive of defendant's liberty.
Opinions from other jurisdictions support my conclusion that waivers which are executed as a condition of either parole or probation will be enforced by the state in which an absconding defendant is arrested. Ex Parte Johnson, 610 S.W.2d 757 (Tex.Cr.App. 1980). The majority rule throughout the country is that formal extradition proceedings are not necessary to compel the return of absconding probationers or parolees who have signed previously a pre-release waiver. Schwartz v. Woodahl, 157 Mont. 479, 487 P.2d 300 (Sup.Ct. 1971); White v. Hall, 15 Md. App. 446, 291 A.2d 694 (Ct.Spec.App. 1972); State ex rel. Swyston v. Hedman, 288 Minn. 530, 179 N.W.2d 282 (Sup.Ct. 1970); Madden v. Simmons, 39 Ala.App. 24, 92 So.2d 922 (Ct. App. 1957); Pierce v. Smith, 31 Wash.2d 52, 195 P.2d 112 (Sup.Ct. 1948), cert. den. 335 U.S. 834, 69 S.Ct. 24, 93 L.Ed. 387 (1948).
This is so even if the advance waiver of extradition does not conform to the procedures outlined in the waiver section of the Uniform Act. Pierson v. Grant, 527 F.2d 161 (8 Cir.1975). The waiver section construed in the Pierson opinion, *263 which is identical to N.J.S.A. 2A:160-30, explicitly states that the statutory procedure is not exclusive. Consequently, so long as the waiver is explained to defendant and his consent is not coerced, the waiver is valid. Requiring the execution of a waiver as a condition precedent of probation will not render the waiver involuntary absent a specific showing of coercion in a particular case. Id. at 164. This should be the New Jersey rule as well.
A few jurisdictions, California for example, will not always enforce an advance waiver agreement. In re Patterson, 64 Cal. 2d 357, 49 Cal. Rptr. 801, 411 P.2d 897 (Sup.Ct. 1966). In Patterson the California Supreme Court interpreted the waiver section[3] of the Uniform Act, a provision identical to N.J.S.A. 2A:160-30, to require that a waiver be effected in front of a judge in the state in which the absconder is arrested. A recent decision by the California Court of Appeals questioned the waiver provision construction in Patterson and urged its Supreme Court to reexamine its underpinning. In re Klock, 133 Cal. App.3d 726, 184 Cal. Rptr. 234 (D.Ct.App. 1982). The minority rule, exemplified by the Patterson opinion, is not only less persuasive to this court but also, apparently, to courts which are constrained to follow it.
However, the courts in California recognize that there is a difference between an absconding probationer and one supervised in California pursuant to an interstate compact. In the case of In re Albright, 129 Cal. App.3d 504, 181 Cal. Rptr. 84 (D.Ct.App. 1982), the court held that an advance waiver of extradition rights as a condition of being permitted to leave the sentencing state can function as an alternative method of waiver under § 25A of the Uniform Criminal Extradition Act. California courts require the waiver must be knowingly and intentionally signed in the presence of a magistrate in the sentencing *264 state. Id. 181 Cal. Rptr. at 87. Therefore, even the courts in California recognize the validity of a pre-release waiver signed when a probationer is going to leave the sentencing state and be supervised in the state to which he is being allowed to move.
Research yields no Florida case ruling on the validity of a waiver of extradition rights. In the absence of any contrary authority, one must conclude that the waiver will be honored by Florida authorities since it was entered into freely and voluntarily by a defendant who hoped to be able to return to that state. The waiver section of the Uniform Criminal Extradition Act enacted in Florida is virtually identical to New Jersey's. See Fla. Stat. § 941.26(2).
Finally, I find that the prerequisites of N.J.S.A. 2C:45-1 b(12) are met. Defendant has a record in New Jersey of adjudications of juvenile delinquency and an adult offense history. He has remained free of criminal activity during the three years he has been living in Florida. There he has stable employment and a home with supportive relatives. For whatever reasons, defendant cannot seem to conform to the rules of society while in New Jersey but is law-abiding in Florida. Both the best interests of defendant and of the citizens of New Jersey are served by granting him permission to live in Florida.
While the court can, as a condition of probation, require defendant "[t]o remain within the jurisdiction of the court" (N.J.S.A. 2C:45-1 b.(9)), such a restriction would be unwise. It is far better to allow him to return to Florida on the condition that he is subject to recall to New Jersey should he violate probation.[4] Hence, the condition of signing the waiver of extradition *265 will promote his rehabilitation while not unduly restricting his liberty.
NOTES
[1] N.J.S.A. 2A:168-2 reads as follows:

The court shall determine and may, at any time, modify the conditions of probation, and may, among others, include any of the following: That the probationer shall avoid injurious, immoral or vicious habits; shall avoid places or persons of disreputable or harmful character; shall report to the probation officer as directed by the court or probation officer; shall permit the probation officer to visit him at his place of abode or elsewhere; shall answer all reasonable inquiries on the part of the probation officer; shall not change his residence without the consent of the court or probation officer; shall pay a fine or the costs of the prosecution, or both, in one or several sums; shall make reparation or restitution to the aggrieved parties for the damage or loss caused by his offense; shall support his dependents.
The statute was repealed with the enactment of the New Jersey Code of Criminal Justice. See N.J.S.A. 2C:98-2.
[2] This statute, as well as the entire Uniform Criminal Extradition Act, was saved from repeal upon enactment of the New Jersey Code of Criminal Justice. See N.J.S.A. 2C:98-3.
[3] The waiver section in the California statute appears in § 1555.1 of the California Penal Code.
[4] Should he fail to report to his probation officer, fail to maintain employment, change his address without giving notice, or fail to make restitution, this waiver of extradition would be utilized to compel his return to New Jersey. So would a conviction of any offense. The filing of a criminal complaint or the return of an indictment would not, however, unless a conviction resulted.