In re **FIRST HARTFORD CORPORA-TION d/b/a Wyandotte Mills, Debtor.**

**WYANDOTTE INDUSTRIES, DIVISION OF FIRST HARTFORD CORPORA-TION, Plaintiff,**

v.

**E.Y. NEILL & CO., Defendant.**

**Reorganization No. 81 B 10390 (EJR). Adv. No. 82–5456–A.**

United States Bankruptcy Court, S.D. New York.

Aug. 8, 1983.

Morgan, Lewis & Bockius, New York City, for Sp. Counsel for E.Y. Neill & Co.

## DECISION AND ORDER ON SUMMARY JUDGMENT MOTION

EDWARD J. RYAN, Bankruptcy Judge.

On February 20, 1981, First Hartford Corporation ·d/b/a Wyandotte Mills (FHC) filed a petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code. FHC was continued in possession of its property and in operation of its business pursuant to Section 1108 of the Bankruptcy Code. Prior to the filing of the petition, FHC was in the business of buying fabrics from factories and subsequently selling these fabrics to various manufacturers.

FHC commenced this adversary proceeding against E.Y. Neill & Co. pursuant to Bankruptcy Rule 701 and Rule 7001 of the Interim Bankruptcy Rules. FHC filed a summons and complaint against E.Y. Neill on March 23, 1982. The relief requested by FHC is damages for the sale of approximately 20,000 pounds of allegedly unmerchantable wool by defendant E.Y. Neill & Co.

On May 23, 1983, E.Y. Neill filed a Notice of Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 56(b), and Rule 756 of the Rules of Bankruptcy Procedure, seeking dismissal of the complaint. E.Y. Neill claims that plaintiff's failure to notify them of the alleged defects in the wool within a reasonable time after discovery thereof precludes the plaintiff from any action. FHC opposes the motion for summary judgment and claims that there are material issues of fact which require an evidentiary hearing.*

On April 30, 1981, E.Y. Neill and FHC entered into an agreement for the sale of wool. At this time, the plaintiff was already a debtor in possession, pursuant to which a letter of credit was established to

Ballon, Stoll & Itzler, New York City, for debtor.

Warner & Stackpole, Boston, Mass., for E.Y. Neill & Co.

* Failure of counsel to FHC to demonstrate personal knowledge of the facts set forth in the affidavit opposing defendant's motion for summary judgment prevents this court from giving due consideration to the affidavit pursuant to Federal Rules of Civil Procedure 56(e) and Rule 756 of the Rules of Bankruptcy Procedure. However, in light of the same rule, this court is permitted to consider the supporting depositions that have been submitted to it.

consummate the agreement between E.Y. Neill and FHC. Plaintiff's textile mill in Waterville, Maine, was shut down on August 31, 1981. On September 2, 1981, FHC in its own truck picked up the wool from a warehouse in Boston utilized by Neill. The wool was then delivered to FHC's textile mill in Waterville, Maine.

H. Peter Pearson, the Maine mill manager for FHC, testified at his deposition that he inspected the wool at the earliest about ten days after the wool was delivered to the plant and absolutely not later than October 1, 1981 (H. Peter Pearson deposition pp. 32–33). Counsel to FHC, in a letter dated January 25, 1982, demanded that E.Y. Neill take back the wool and refund the purchase price to FHC.

The principal judicial inquiry mandated by Rule 56 of the Federal Rules of Civil Procedure is whether there exists any genuine issue of material fact for trial. *Vette Co. v. Aetna Cas. & Sur. Co.,* 612 F.2d 1076, 1077 (8th Cir.1980). In the event there is a dispute as to the facts, it must be determined whether the facts in issue are material. A dispute as to an immaterial fact does not preclude summary judgment. *Pierson v. Grant,* 527 F.2d 161, 165 (8th Cir.1975). A fact is material if it may affect the outcome of the litigation. *Mutual Fund Investors v. Putnam Management Co.,* 553 F.2d 620, 624 (9th Cir.1977). In the instant case, the following conflicting material facts require an evidentiary hearing and therefore a denial of the motion for summary judgment.

First, the precise date that the goods should have arrived is disputed. FHC contends that the goods were not timely delivered. FHC states that pursuant to the party's purchase order dated April 30, 1981, one-half of the delivery was to be made in mid-July, and the remaining one-half in mid-August of 1981. However, it should be noted that this purchase order was not signed by E.Y. Neill. Further, Marcel Renny, FHC's vice president in production in New York, testified that in a telephonic conversation with Stanley Neill in early August 1981, Stanley Neill told Mr. Renny that the already late delivery would be further delayed due to a shipping strike (Marcel Renny Deposition, pp. 10–11).

Conversely, defendant contends there is no evidence that the goods were not timely delivered. Defendant argues that since the purchase order was not executed by Neill, it is of no legal significance. Instead, Neill points to the contract which was executed by both parties and provides only that the goods be shipped "as soon as possible." E.Y. Neill claims that the letter of credit also provided for September delivery dates. Mr. Renny testified that this date had nothing to do with the intended delivery, but was agreed upon for purely administrative reasons (Renny Deposition, p. 16).

Second, the parties are also in dispute with respect to communications between Mr. Renny and Stanley Neill regarding the delivery of the goods and the return of the goods after they were delivered. FHC claims that Mr. Renny repeatedly attempted to have Stanley Neill accept the return of the goods and/or obtain a purchaser for the same (Renny's Deposition, pp. 10–18). In contrast, E.Y. Neill argues that Mr. Renny at most asked Mr. Neill not to deliver the goods to Maine but to help resell the goods.

"Indeed, it is the very purpose of the trial to establish which party's version of the contested circumstances best comports with reality." *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir. 1980). In determining whether to grant a motion for summary judgment, the court must resolve all doubts in favor of the party opposing the motion. *Heyman v. Commerce and Industry Insurance Co.,* 524 F.2d 1317, 1320 (2d Cir.1975) citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

The precise agreed upon delivery date of the goods and the nature of the communications between Mr. Renny and Stanley Neill are necessary in order to determine whether the plaintiff acted timely and reasonably with regard to the rejection of the goods and the notice of breach. Therefore, defendant's motion for summary judgment

must be, and it is, denied so that this court can ascertain these material facts.

It is so ordered.