**Frankie Levi COLE, Appellant,**

v.

**NEBRASKA STATE BOARD OF PAROLE; Ronald L. Bartee; Carlos Alvarez; Mary Wiesman; Leland Oberg; Kenneth Anderson; Judy Barnes; Nova Therapeutic Community, Appellees.**

No. 92–1678.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 5, 1992.

Decided July 6, 1993.

Rehearing Denied Aug. 12, 1993.

Appellant appeared pro se.

Elaine A. Chapman, Asst. Atty. Gen., Lincoln, NE, for appellees.

Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Frankie Levi Cole appeals the district court's [1] August 1989 order dismissing certain defendants and the court's February 1992 grant of summary judgment to the remaining defendants in his 42 U.S.C. § 1983 action. We affirm in part and reverse in part.

Cole served a prison sentence for burglary and theft, and was paroled in November

---

1. The Honorable Lyle E. Strom, Chief Judge, United States District Court for the District of Nebraska.

1987, with special conditions that included his weekly attendance at Narcotics Anonymous meetings. In June 1988, after Cole failed to report to the meetings, Carlos Alvarez, a member of the Nebraska Board of Parole, requested that Kenneth Anderson, Cole's parole supervisor, order Cole to submit to a urinalysis and to place him in custody if the results were positive. Cole refused to submit, was placed under arrest by Anderson, and was transported to the Omaha Correctional Center (OCC).

In July 1988, following a revocation hearing, the parole board voted to revoke Cole's parole, but to immediately reparole him to a work release center with the same conditions. Cole signed a Certificate of Parole, which specified that as a special condition he was to attend NOVA, a drug abuse treatment center. In September 1988, Anderson again arrested Cole, who had been fired from his job and missed several NOVA meetings. Cole was transported to OCC to await his probable-cause hearing. In October the board, following another revocation hearing, voted to continue Cole on parole if he was admitted to an inpatient program at NOVA. In December, following a third revocation hearing, the board revoked Cole's parole after he admitted that he was not accepted to the NOVA program because he denied having a substance abuse problem.

Cole brought this action against NOVA, the Nebraska Board of Parole, Ronald Bartee as chairman of the Nebraska Board of Parole, NOVA counselor Judy Barnes, Anderson, and parole board members Alvarez, Mary Wiesman, and Leland Oberg. He raised several claims relating to the conditions placed on his parole and the revocation of his parole. Cole requested declaratory and equitable relief, and appointment of counsel.

The magistrate judge [2] recommended dismissal of the claims against Anderson, Barnes, NOVA, and the Nebraska Board of Parole. He recommended that Alvarez be required to answer Cole's claim that he was not a neutral and detached parole board member because he also served as a director of NOVA. The magistrate judge also determined that Cole stated a due process claim against the parole board members because there appeared to be no reason for them to require Cole to attend NOVA. Over Cole's objections, the district court adopted the magistrate judge's recommendations.

Defendants moved for summary judgment, relying on absolute or qualified immunity. Bartee attested that he recommended Cole for participation in a drug treatment program as a condition of his parole because Cole had numerous prior drug convictions and had not, despite the recommendation from the beginning of his incarceration, participated in any such program. He also stated that Cole was paroled again on March 25, 1991, and was currently on parole. Alvarez attested that he had been a non-salaried member of the Board of Directors of NOVA while he was a member of the parole board. He added, however, that Parole Administration, not the board, specified NOVA as Cole's treatment center and that he was not personally involved in the decision. Cole did not file a response to the summary judgment motion. The district court granted defendants summary judgment, concluding that the parole board members were entitled to absolute immunity because they acted within the scope of their official duties. The court also determined that Cole's release on parole rendered his request for declaratory relief moot.

■ The district court correctly concluded that members of the parole board were entitled to absolute immunity in deciding to revoke Cole's parole. *See Evans v. Dillahunty*, 711 F.2d 828, 830 (8th Cir.1983) (parole officials entitled to absolute immunity when deciding to grant, deny, or revoke parole). Moreover, Alvarez was entitled to summary judgment because Cole never responded to Alvarez's sworn statement that he had no involvement in deciding to place Cole in the NOVA program. *See* Fed.R.Civ.P. 56(e) (nonmoving party may not rest upon mere allegations of pleadings, but must set forth specific facts showing a genuine issue for trial). We also conclude that summary judgment was appropriate on Cole's claim concerning the condition that he attend the NOVA program. Cole did not respond to

---

2. The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

defendants' exhibits and affidavits which indicated that he was recommended for the drug rehabilitation program because he had a history of drug problems and had never attended a drug program. *See Pierson v. Grant,* 527 F.2d 161, 164 (8th Cir.1975) (parole boards have wide discretion in imposition of conditions of parole).

Plaintiff asserts that the district court erroneously dismissed his claim that his arrest by Kenneth Anderson violated his rights under the Fourth Amendment because it was warrantless. The district court ruled that plaintiff's allegations in this respect failed to state a claim. We disagree. Under *Neb. Rev.Stat.* 83-1,119(2), a warrantless arrest of a parole violator is lawful only if the parole officer "has reasonable cause to believe that a parolee ... will attempt to leave the jurisdiction or will place lives or property in danger ..." On this state of the record, of course, there is no basis to conclude what Anderson reasonably believed, if anything, with respect to the relevant matters. An arrest by a state actor that is not authorized by state law is actionable under § 1983 as a seizure contrary to the Fourth Amendment. *See Bissonette v. Haig,* 800 F.2d 812, 816 (8th Cir.1986); *United States v. Rambo* 789 F.2d 1289 (8th Cir.1986). We believe, therefore, that the district court erred in dismissing the claim against Mr. Anderson.

Finally, we conclude that Cole had no right to effective assistance of counsel in this section 1983 action, *see Glick v. Henderson,* 855 F.2d 536, 541 (8th Cir.1988) (no constitutional or statutory right to effective assistance of counsel in civil case), and that his remaining claims are meritless.

Accordingly, we reverse and remand to the district court for further proceedings on the claim against Mr. Anderson. We affirm in all other respects.

JOHN R. GIBSON, Circuit Judge, dissenting.

I respectfully dissent with respect to Officer Anderson and would affirm in all respects.