650 A.2d 845

STATE OF NEW JERSEY, PLAINTIFF, v. EDMUND R. ARUNDELL, DEFENDANT.

Superior Court of New Jersey
Law Division Union County

Decided July 15, 1994.

*Thomas J. Walsh,* Assistant Prosecutor, for the State (*Andrew K. Ruotolo, Jr.,* Prosecutor).

*Wayne Morse,* Assistant Deputy Public Defender for defendant (*James B. Kervick,* Deputy Public Defender).

OPINION

BARISONEK, P.J.C.P.

The defendant was arrested in New Jersey as a fugitive from justice from Colorado for a conviction of a felony offense in Colorado. The Colorado court sentenced the defendant to state prison but stayed the time when the defendant was to commence serving his sentence so that he could complete an in-patient alcohol/drug program. As a condition of the stay, the defendant was to execute a personal recognizance bond. When the stay was granted, the defendant was not brought before a judge in Colorado, but rather the defense attorney conducted a telephone conference call with the Assistant District Attorney and the Judge to secure the stay. The defendant subsequently signed the recognizance bond, which contained a waiver of extradition provision, and his signature was witnessed by the defense attorney. The defendant subsequently terminated his participation in the in-patient program, fled the Colorado jurisdiction, came to New Jersey and was arrested on a fugitive warrant.

The defendant was brought before this court under the *Uniform Criminal Extradition Act, N.J.S.A.* 2A:160–1 to–35. and refused to waive extradition. The State of New Jersey sought to extradite the defendant to Colorado based on the waiver contained in the personal recognizance bond executed in Colorado. The defense alleged that since the defendant was not brought before a judge in Colorado, he could not be extradited to Colorado based on the waiver and that he was entitled to an extradition hearing pursuant to the Uniform Extradition Act, *supra.*

New Jersey to date has not addressed the issue of whether a defendant, not on parole or probation, may be extradited to a demanding state based on waiver of extradition executed in a

demanding state where the defendant has not been brought before a judge in that state.

The defense argues that *N.J.S.A.* 2A:160–30 requires that any waiver of extradition be executed in the presence of a judge. The statute reads in relevant part:

Any person arrested in this state charged with having committed any crime in another state or alleged to have escaped from confinement, or broken the terms of his bail, probation or parole, may waive the issuance and service of the warrant provided for in sections 2A:160–15 and 2A:160–16 of this title and all other procedure incidental to extradition proceedings, by executing or subscribing in the presence of a judge of any criminal court of record within this state a writing which states that he consents to return to the demanding state....

The requirement that the defendant execute or subscribe a waiver in the presence of a judge of any criminal court applies only if the defendant is waiving in the sending state. In this case, the defendant executed the waiver in the demanding state and therefore that section of the statute is not applicable to this case. Furthermore, the waiver executed by the defendant falls within another portion of *N.J.S.A.* 2A:160–30, which reads:

Nothing in this section shall be deemed to limit the rights of the accused person to return voluntarily and without formality to the demanding state, nor shall this waiver procedure be deemed to be an exclusive procedure or to limit the powers, rights or duties of the officers of the demanding state or this state.

The requirement that a waiver must be signed in the presence of a judge is not an exclusive procedure. While there are no New Jersey cases directly on point, *State v. Maglio,* 189 *N.J.Super.* 257, 459 *A.*2d 1209 (Law Div.1983), does provide some guidance.

In *Maglio,* the defendant, a resident of Florida, pled guilty to three counts of theft by deception. These crimes were committed while defendant was temporarily visiting relatives in New Jersey. At sentencing, defendant requested a return to Florida should a non-custodial sentence be imposed. Defendant was placed on probation for a term of three years, subject to standard conditions of probation and to certain special conditions set by the court. Supervision of the defendant was allowed to be transferred to the probation department in Florida. One of the special conditions of probation imposed by the court was the requirement that the

defendant waive in advance his right to an extradition hearing in the event a violation of probation complaint is filed. The defendant consented in court and signed a waiver of extradition form in the presence of his attorney. The court held that waivers which are executed as a condition of either parole or probation will be enforced by the state in which an absconding defendant is arrested. *State v. Maglio, supra,* 189 *N.J.Super.* at 262, 459 *A.*2d 1209 (citing *Ex parte Johnson,* 610 *S.W.*2d 757 (Tex.Crim.App.1980).

The court further noted in *Maglio* that the majority rule throughout the country is that formal extradition proceedings are not necessary to compel the return of absconding probationers or parolees who have previously signed a pre-release waiver. This is so even if the advance waiver of extradition does not conform to the procedures outlined in the waiver section of the Uniform Act. *State v. Maglio, supra,* 189 *N.J.Super.* at 262, 459 *A.*2d 1209 (citing *Pierson v. Grant,* 527 *F.*2d 161 (8th Cir.1975)). A similar result was reached in *People v. Velarde,* 739 *P.*2d 845 (Colo.1987), but in a parole circumstance. These cases are distinguishable from this case, however, because they involve parole and/or probation and other statutes were applicable, namely *N.J.S.A.* 2A:168– 14 to –17 and *N.J.S.A.* 2C:45–1.

In our case, the defendant was neither on probation nor parole. Although he was sentenced to state prison, his sentence was stayed. In reality, the defendant remained on bail under a personal recognizance bond so that he could complete the in-patient drug program.

Our Supreme Court, in *State v. Johnson,* 61 *N.J.* 351, 294 *A.*2d 245 (1972), has ruled that a court may impose reasonable conditions on bail to insure the presence of a defendant in court. The inclusion of a waiver of extradition is a reasonable condition of bail. Similarly, Colorado has held that a trial court has the discretion to set the amount and conditions of bail subject to statutory limitations. *Martell v. County Court,* 854 *P.*2d 1327 (Colo.App.1992). Here, the defendant had been convicted of a crime, had been sentenced, his sentence had been stayed, and he

was permitted to remain free on bail on a personal recognizance so that he could complete an in-patient drug program. Given these circumstance, the condition of a waiver of extradition is reasonable. Furthermore, there is nothing in the record before this court to show that the waiver signed by the defendant was done so involuntarily. A reasonable inference may be drawn to the contrary, since the waiver was signed by the defendant for his benefit, and his signature was witnessed by his defense attorney.

In *Pierson, supra,* 527 *F.*2d at 164, the court held that a waiver of extradition as a condition of parole does not render the waiver involuntary without a specific showing of how such a condition was coercive as applied in the particular case. Here, defendant has not come forward to show that the waiver was coercive or involuntary.

It may also be asserted that the defendant waived his right to an extradition hearing under the Uniform Extradition Act, *supra,* by signing the waiver under the circumstances of this case pursuant to the rationalization of *State v. Hudson,* 119 *N.J.* 165, 574 *A.*2d 434 (1990). In that case, defendants were present in court on the day of the trial, they had knowledge of the time and place of the trial, but they voluntarily absented themselves before trial commenced. The court held that the defendants' actions constituted a waiver of their right to be present at trial. The Supreme Court said that the trial court is permitted to infer that a defendant waives the right to be present at trial if he or she fails to appear after having received adequate notice of the date, time and place of trial, and of the right to be present.

Similarly, in the present case, the defendant waived his right to challenge extradition through his own conduct by signing the personal recognizance bond which contained the waiver of extradition. The defendant had a choice of whether to be sentenced immediately, or to have his sentence stayed so that he might complete the in-patient program. In fact, defendant selected the latter option, for his own benefit. The defendant cannot now challenge his own choice. Waiver implies an election by a

party to dispense with something of value or to forego some advantage which that party might have demanded and insisted on. *Country Chevrolet v. North Brunswick Planning Bd.*, 190 *N.J.Super.* 376, 463 *A.*2d 960 (App.Div.1983).

█ A party will not be permitted to play fast and loose with the courts or to assume a position in one court entirely different or inconsistent with that taken in another court or proceeding with reference to the same subject matter. *Levin v. Robinson, Wayne, & La Sala*, 246 *N.J.Super.* 167, 586 *A.*2d 1348 (Law Div.1990).

Accordingly, the defendant waived his right to challenge extradition by executing the personal recognizance bond in Colorado. The defendant requested and induced the court to grant him a stay of sentence which was conditioned upon the waiver of extradition. The defendant, therefore, knowingly and voluntarily waived extradition and his right to an extradition hearing by executing that document and inducing the court to grant him the stay.

The defendant shall be returned to the State of Colorado pursuant to the waiver of extradition executed in Colorado as a fugitive from justice.